## ALF. CRASS v. THE STATE.

*No. 3907.    Decided December 16.*

1. **Indictment—Practice—Date of Commission of Offense—Evidence as to.** It is a well settled rule of criminal practice that the date of an alleged offense as stated in an indictment is not binding upon the State, and is only material in reference to the bar of limitations, and to show that the offense was committed anterior to the presentment of the indictment.

2. **Same—Evidence of Other Offenses Subsequent to Date of Indictment.** Where, on a trial for assault with intent to murder, the prosecution was allowed to prove, over objection of defendant, other offenses committed by the defendant against the injured party subsequent to the date of the presentment of the indictment, *held*, error. Evidence which tends to connect the defendant with other offenses disconnected from that for which he is on trial, is incompetent and inadmissible.

APPEAL from the District Court of Bell. Tried below before Hon. W. A. Blackburn.

This appeal is from a judgment of conviction for assault with intent to murder, wherein the punishment was assessed at three years confinement in the State penitentiary.

The opinion sufficiently states the facts necessary to an understanding of the rulings.

*Harris & Saunders*, for appellant.

No brief on file for the State.

WHITE, PRESIDING JUDGE —Appellant was indicted for an assault with intent to murder one D. C. Walden, and the offense was alleged to have been committed on the 19th day of December, 1890. This indictment was presented and filed in the District Court on February 19, 1891.

It is a well settled rule of criminal practice that the date of an alleged offense as stated in an indictment is not binding upon the State, and is only material in reference to the bar of limitations, and to show that the offense was committed anterior to the presentment of the indictment. The time of the commission of the offense laid in the indictment is not material, and does not conflict with the proof, where the limitations are not complete. The indictment will be satisfied by proof of the offense on any day anterior to the finding and presentment of the indictment. Cudd v. The State, 28 Texas Ct. App., 124; Arcia v. The State, 28 Texas Ct. App., 198; Abrigo v. The State, 29 Texas Ct. App., 143.

Under the indictment in this case, it was competent to prove the offense to have been committed at any time prior to the 19th day of February, 1891; but as shown by the defendant's bill of exceptions number 1, the prosecution was permitted to prove by the prosecuting witness, over defendant's objection, that on the night of March 7, 1891, which was subsequent to the presentment and filing of the indictment, some parties were around his house, and fired off their pistols near his house, and one of them, whose voice he recognized as that of the defendant, Alf. Crass, hallooed out, "Git from here!" and that he recognized the other as the voice of Jake Rampy.

It is also shown by said bill of exceptions that the district attorney further asked the witness if any assault had been made upon him after the disturbance he had testified about, on March 7; which question being objected to, the objection was overruled, and the witness permitted to answer, and state that he had gone to bed on the night of March 8, 1891, when some one shot him through the window, the ball striking his arm, and the wound necessitating amputation.

"It is an established rule," says Mr. Greenleaf, "which we take as the first rule governing in the production of evidence, that the evidence offered must correspond with the allegations and be confined to the point in issue." The same author further remarks: "This rule excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute; and the reason is that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them; and moreover the adverse party, having had no notice of such a course of evidence, is not prepared to rebut it." 1 Greenl. Ev., 13 ed., secs. 51, 52; Cesure v. The State, 1 Texas Ct. App., 19; Cooper v. The State, 7 Texas Ct. App., 195; Rye v. The State, 8 Texas Ct. App., 153.

Evidence which tends to connect the defendant with other offenses disconnected from that for which he is on trial must be excluded. Evidence of a disconnected substantive offense can not be admitted in support of another offense; *a fortiori*, evidence of intention to commit another offense can not be admitted. Fore v. The State, 5 Texas Ct. App., 251; 1 Whart. Crim. Law, 647; Williamson v. The State, 13 Texas Ct. App., 514; Chumley v. The State, 20 Texas Ct. App., 547.

There are several other questions raised in the bills of exception and assignment of errors, and presented in brief of counsel for appellant, which we do not deem necessary to discuss, inasmuch as they are not likely to occur at another trial of the cause.

For the error in the admission of the illegal testimony which we have above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.