## Alonzo Spillman v. The State.

### No. 1404. Decided February 9, 1898.

**1. Theft—Charge—Recent Possession Unexplained.**

On a trial for theft, where it appeared that some twenty-eight or thirty days after the alleged theft the father of the defendant was found in possession of a portion of the property, the defendant not being present at the time, and no explanation was ever given·by defendant or his father, and the court instructed the jury, in effect, that if they believed the alleged stolen property was recently after its theft found in the possession of defendant under circumstances demanding of him an explanation of his possession, and he made no explanation, "then I charge you before you would be warranted in finding him guilty from such circumstances of possession alone, you must be satisfied that his possession was personal, was recent, was exclusive, was unexplained, and that it involved a conscious assertion of property by the defendant; and, if either of these constituent elements are wanting, defendant is entitled to be acquitted." Held, the charge is erroneous; first, defendant was not present at the· time his father was arrested and found in possession of the property; second, it assumes that the theft was recent, when it had been committed a month before defendant's father was found in possession; third, it is upon the weight of evidence in that it, in effect, instructed the jury, that if defendant was in possession of recently stolen property, and his possession was exclusive and unexplained, they would convict.

**2. Charge Upon an Issue Not Raised.**

It is error for the court to submit the case upon an issue not suggested by the evidence.

Appeal from the County Court of Ellis. Tried below before Hon. J. C. Smith, County Judge.

Appeal from a conviction of theft of property under the value of $50; penalty, a fine of $100 and one day's imprisonment in the county jail.

The indictment charged the theft of one wagon sheet of the value of $1, and one turkey of the value of 75 cents, the corporeal personal property of E. J. Dunaway. The theft was alleged to have been committed on the 13th of January, 1897. Defendant's father was arrested in possession of the wagon sheet on the 10th of February, 1897. No explanation was made at that time by defendant or his father as to the possession of the wagon sheet. On the trial, several witnesses testified as to facts establishing an alibi; and defendant's mother and sister testified that the father of defendant had purchased the wagon sheet on the 16th day of January from a man named Jerry Allen.

*Sherrod & Singleton,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—About twenty-eight or thirty days after the alleged theft, the State's evidence shows that the father of the defendant was found in the possession of the wagon sheet in question. There was no explanation given by either the defendant or his father, so far as the record discloses, at that time. The appellant subsequently, during the trial, proved that his father had purchased the wagon sheet from one

Allen, but this was not given in explanation at the time of the arrest. In this connection the court instructed the jury that if they believed the alleged stolen property was recently after its theft found in possession of defendant, "and that the circumstances connected with his possession, when first called upon, were of such a character as to demand of him an explanation of his possession, and he failed or refused to make such explanation, then I charge you, before you would be warranted in finding him guilty from such circumstance of possession alone, you must be satisfied that his possession was personal, was recent, was exclusive, was unexplained, and that it involved a distinct and conscious assertion of property by the defendant, and, if either of these constituents are wanting, the defendant is entitled to be acquitted." An exception was reserved to this charge, and is here assigned as error. Defendant was not present at the time of his father's arrest, but was brought in the next day, and, so far as the facts connected with the arrest are concerned, he was not shown to have been in possession of the property at all. His father was in possession at the time of the arrest. This charge is erroneous. It assumed a fact, and charges upon it, having occurred a month subsequent to the alleged theft. But if the defendant had been found in possession of it, and had failed to give any account of it, still the charge is erroneous, in that it is upon the weight of the testimony. In so far as the principle is concerned, we see no difference between this case and that of Pollard v. State, 33 Texas Criminal Reports, 197. It will be observed that the court instructed the jury that if the defendant was in possession of recently stolen property, and that possession was exclusive and unexplained, etc., they would convict. Now, suppose the jury did believe that the possession was recent and unexplained, they are virtually informed to convict. It will be seen that the effect of the charge was to convict alone upon the unexplained possession of recently stolen property. So we say that the principle is practically the same as in Pollard v. State, supra. See also Franks v. State, 36 Texas Crim. Rep., 149; McCarty v. State, 36 Texas Crim. Rep, 135. The court submitted the case, and charged upon an issue not suggested by the evidence. The court appears to have tried this case very fairly, with the exception above pointed out, and for this error in the court's charge the judgment is reversed, and the cause remanded.

*Reversed and remanded.*