H. H. BALL ALIAS JAMES WARREN v. THE STATE.

No. 14222. Delivered June 3, 1931.

The opinion states the case.

*Edgar E. Witt* and *Tirey & Tirey,* all of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

Roy Collins went into the place of business of Ross Bailey, and, exhibiting a pistol, forced Bailey to deliver approximately $127 in money to him. Collins was placed on the witness stand by the state. He testified on his direct-examination by the district attorney that appellant was not with him at the time he committed the offense, and, further, that appellant was not outside waiting in an automobile while he committed the robbery. In short, he denied that appellant had anything to do with the commission of the offense. The state introduced witnesses, among them being the district attorney, who testified that Collins had stated to them shortly before going on the witness stand that appellant was outside in an automobile waiting for him when he (Collins) committed the offense. The injured party testified that Collins came into the store alone. He knew nothing about appellant having any connection with the commission of the crime. The state used an accomplice witness, Forest Hocker, who testified, in substance, that he, Roy Collins and appellant met in Austin near the Texan Hotel and planned the robbery; that thereafter they drove to Waco and stopped the automobile near Bailey's store; that he and appellant waited in the car while Collins went in and committed the robbery; that threafter they separated with the agreement that they would divide the money. The state offered in evidence appellant's written confession made to the district attorney, wherein appellant stated that he went with Collins to Waco and waited outside while Collins robbed Bailey's store. A witness for the state testified that she saw an

automobile leave Bailey's store immediately after the robbery. This witness was unable to identify appellant as one of the occupants of the car. Over appellant's objection the state offered in evidence a letter written by appellant to Roy Collins, in which appellant requested Collins to send him some money. We quote this letter, in part, as follows: "I tried to get in touch with you by telephone yesterday morning about this deal here. It is good for about two grand on Saturday night easy, and the party will not be any trouble. I have been out twice. Everything is perfect. I could not get Drake to do a thing about the deal on Sunday night. I wanted him to go out last night but he would not do it. I told him I would go and get a car if he would drive it. He said it was too much of a chance on the car."

Appellant's confession appears to be the only testimony in the record furnishing corroboration of the testimony of the accomplice witness. Appellant testified that the confession was not freely and voluntarily made, and related matters which, if believed, would have led to the conclusion that coercion was used. The court submitted the issue to the jury, advising them, in effect, that if they had a reasonable doubt as to whether the confession was voluntarily made it should not be considered for any purpose. Appellant timely and properly objected to the charge on the ground that the court should have instructed the jury that if they had a reasonable doubt as to whether the confession was voluntarily made he should be acquitted. In the exception the court's attention was directed to the fact that outside of the confession there was no evidence in the record sufficient to corroborate the accomplice witness. The opinion is expressed that the learned trial judge should have responded to the exception and amended the charge.

The offense was committed on the night of July 12, 1930, in the city of Waco. The letter hereinbefore quoted from was placed in the post office in Dallas on July 20, 1930, approximately eight days after the offense had been committed in Waco. The letter was timely and properly objected to, as was the testimony of the witness Roy Collins to the effect that the letter meant that appellant knew of a place where a party could be "hijacked" out of $2,000 without any trouble or danger. Appellant was also required to testify to the same facts when being cross-examined by the district attorney. In each instance he interposed proper objection. This letter in no manner tended to connect appellant with the commission of the offense committed by Collins eight days before the letter was written. If the state's testimony was to be believed there was no question as to the intent or identity of appellant. "Evidence of a disconnected substantive offense is not admissible in support of another offense, and, for a stronger reason, evidence of an intention to commit another offense is not admissible." Branch's Annotated Penal Code, sec. 166; Crass v. State, 30 Texas Crim. Rep., 480, 17 S. W., 1096; Spillman v. State, 38

Texas Crim. Rep., 607, 44 S. W., 150; Windham v. State, 69 Texas Crim. Rep., 366, 128 S. W., 1130. The testimony concerning the letter and the meaning of the expressions used therein by appellant merely tended to show that appellant was a criminal generally. It was not admissible under any of the exceptions to the general rule inhibiting testimony of extraneous crimes or other transactions. That the testimony concerning the letter was prejudicial is obvious. The opinion is expressed that the bills of exception relating to the matter present reversible error.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.