WILLIAM SIDNEY WILEY V. STATE.

No. 30,748. June 3, 1959.

WOODLEY, Judge, dissented.

*Matthews, Aultman & Riley,* by *Randell C. Riley,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary; the punishment, 4 years.

In view of our disposition of this cause, a recitation of the facts will not be necessary other than to observe that a Fort Worth policeman saw an automobile drive out of an unlit filling station at about midnight, pursued it and arrested the appellant and his two companions, returned to the station, ascertained that it had been burglarized, searched the appellant's automobile, found nothing and took the three accused to jail. Later that night, according to the officer, the appellant orally confessed that he had burglarized the station and took the officer to where a rifle which had been stolen from the filling station was hidden.

The witness was then permitted to testify, over proper, timely and repeated objections, as follows: "Well, I asked him his reasons for breaking into the building, and taking only the deer rifle," and "He said that they took the rifle, and were looking for some more jobs; that they wanted to pull some robberies," and "Q. What did this defendant Wiley tell you concerning this burglary? A. He said that they were looking for some rifles and guns to commit other robberies." By these answers, the appellant confessed to the substantive offense of conspiracy to commit a felony which is a distinct offense from the burglary for which he was on trial.

The appellant did not testify or offer any defense other than that he had never before been convicted of a felony.

We can conceive of no issue upon which questions and answers set forth above would have been admissible unless they were evidentiary of the appellant's intent in breaking into the station. This being true, we are met with the rule which was re-announced by Judge Hawkins in Daniel v. State, 152 Texas Cr. Rep. 240, 212 S.W. 2d 636, as follows:

"On the other band, it seems to be the well-settled rule in this state, when the evidence adduced on the trial leaves no question as to the intent of the accused in doing the act com-

plained of, proof of other offenses, even though of similar character and kind, is not admissible on the issue of intent."

See also Young v. State, 159 Texas Cr. Rep. 164, 261 S.W. 2d 836.

In Ball v. State, 118 Texas Cr. Rep. 579, 39 S.W. 2d 619, we find the following:

" 'Evidence of a disconnected substantive offense is not admissible in support of another offense, and, for a stronger reason, evidence of an intention to commit another offense is not admissible.' Branch's Annotated Penal Code, par. 166; Crass v. State, 30 Texas App. 480, 17 S.W. 1096; Spillman v. State, 38 Texas Cr. Rep. 607, 44 S.W. 149; Sindham v. State, 69 Texas Cr. Rep. 366, 128 S.W. 1130."

See also Nunn v. State, 60 Texas Cr. Rep. 86, 131 S.W. 320.

We have concluded that the court fell into error in admitting the above answers.

Another serious question is presented. The bills of exception reflect that on the morning before the appellant was tried his companion Burns appeared before the same court, with the same prosecutor representing the state, at which time a stipulation was entered into in which it was agreed that Officer Parkey (the principal witness in appellant's case) would testify that after the arrest of the three accuseds he had a conversation with Burns, as the result of which the rifle which had been stolen from the station was recovered.

In the case at bar, Officer Parkey testified that he and his fellow officer took the appellant *alone* to the place where they found the stolen rifle. Recently, in Callas v. State, 167 Texas Cr. Rep. 375, 320 S.W. 2d 360, we reversed a conviction under a very similar situation. In that case, two men were riding in a truck, and it became a fact issue as to which one was the driver. In the trial of Callas, the officers testified that he was the driver, but after the jury had retired in Callas' case the arresting officers filed a complaint against Callas' companion charging that he was the driver, and such companion plead guilty. We held that Callas' motion for new trial should have been granted so that he might have the benefit of the evidence concerning his companion's conviction. *In the case at bar, the court refused to permit the appellant to show the matters set forth above.* In

this, we have concluded that he erred. The state's case here depends upon the validity of the appellant's oral confession, which, in order to be admissible, must show that the appellant, and not someone else, took the officers to where the stolen property had been secreted. The stipulation in the Burns case directly contradicted and impeached appellant's confession because it showed that Burns, and not the appellant, had furnished the information which led to the finding of the rifle. In other words, the stipulation which the state used to secure Burns' conviction destroyed the appellant's confession because, if it was correct, the rifle was found as the result of information which Burns had furnished, and not information furnished by the appellant.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

WOODLEY, Judge, (dissenting).

Officer Parkey, having testified that appellant made an oral confession of the burglary of the filling station, was permitted to testify further: "He said that they took the rifle, and were looking for some more jobs; that they wanted to pull some robberies," and "He said that they were looking for some rifles and guns to commit other robberies."

His reason for taking the rifle was not a disconnected, independent or extraneous transaction or crime, but an explanation of why a rifle and not other property was taken in the burglary. The authorities dealing with disconnected extraneous crimes are not applicable.

Also, I cannot agree that appellant's explanation that they were looking for some more jobs and wanted to pull some robberies constituted the substantive crime of conspiracy to commit the crime of burglary or the crime of robbery.

Officer Parkey was not a party to the stipulation in the companion case and the stipulation was not admissible to impeach his testimony under which appellant's confession was clearly admissible.

Nor can I agree that the stipulation in the companion case destroyed appellant's confession.

Callas v. State, 167 Texas Cr. Rep. 375, 320 S.W. 2d 360,

might well apply if the conviction of appellant's companion Burns was under attack. It has no application here.

I respectfully dissent.