Gerry Charlotte PHELPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43568.

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Rehearing Denied Feb. 10, 1971.

Will Gray, Houston, for appellant.

Frank Coffey, Dist. Atty., Truman Power and Roland H. Hill, Jr., Asst. Dist. Attys., Fort Worth, Carol S. Vance, Dist. Atty., Joe Moss and Bob Scott, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery in Tarrant County after a severance from the coindictees and after a change of venue from Harris County. The punishment was assessed by the jury at thirty-five years.

The record reflects that appellant, a teacher of management at the University of Houston, planned, directed rehearsals, and furnished money and an automobile for the robbery to obtain funds to purchase weapons through the Cuban Embassy in Canada.

She planned the robbery with one of her students, a former student, a seventeen-year-old high school dropout and others. Two of her coindictees robbed the owner and a customer of the Bigwick Liquor Store on Memorial Drive in Houston of more than $1200. The robbers took the money and gave it to the appellant who was

parked several blocks from the store. Officers who had been informed of the planned robbery placed her under arrest shortly thereafter and found the money taken from, and the guns used in, the robbery in her possession.

The sufficiency of the evidence is not challenged.

In the first two grounds of error, it is contended that reversible error was committed when witnesses were permitted to testify about statements and transactions of the conspirators made before the robbery, since no conspiracy was alleged in the indictment, and when it was proved that appellant lived with a Negro man who helped plan and buy guns for the robbery.

Christopher LaMarre, a coindictee who was called by the State, testified that the robbery was rehearsed many times and that a man he knew only by the name of Alex participated in the rehearsals. When LaMarre was asked to describe Alex, appellant's counsel objected that the description would not be material and would interject prejudicial and inflammatory matters into the case. The objection was overruled. The witness answered: "He was black, medium height—." Appellant's counsel interrupted and moved for a mistrial which was overruled.

Mr. Vance, the District Attorney, stated: "Your Honor, I am trying to get him to describe the people. It does not matter to us what color they are."

The court then instructed the jury not to take into consideration the color of anyone in determining the guilt or innocence of the defendant. Another motion for mistrial was overruled.[1]

Assuming that the appellant is white, it was shown by LaMarre that Alex lived in the garage apartment of appellant and later it was shown by the witness Samuel Clay-

ton Smith, another coindictee, that Alex was staying with appellant.

The record does not show that Alex participated in the actual robbery, but it does show he took part in the planning and in the purchase of the weapons to be used in the robbery. He was not indicted with the others and did not testify.

In Saddler v. State, 167 Tex.Cr.R. 309, 320 S.W.2d 146, this Court held:

"The rule is well settled that the acts and declarations of one conspirator during the furtherance of the conspiracy are admissible against the other conspirators."

The same rule is set out in Aguero v. State, 164 Tex.Cr.R. 265, 298 S.W.2d 822, 826. See Angle v. State, 165 Tex.Cr.R. 305, 306 S.W.2d 718, 723; Parnell v. State, 170 Tex. Cr.R. 30, 339 S.W.2d 49, and Welch v. State, Tex.Cr.App., 219 S.W.2d 804.

■ Where two or more people take part in the commission of a felony, evidence of the conspiracy is admissible even though the substantive crime of conspiracy is not charged in the indictment.

If the man named Alex had been available, the State could have brought him into the courtroom for identification by the witnesses and the jury could have seen him.

■ An accused would not be entitled to prevent the State from proving the name of a notorious conspirator.

■ We hold that the court did not err in permitting the witness to describe one of the conspirators, whose last name was not known by the witness, or in permitting proof of his relationship with the appellant and his part in bringing about the robbery.

In the third and fourth grounds of error, it is contended that it was reversible error to admit evidence that the proceeds of the robbery were to be used to buy guns at

1. The record does not show the race of the co-conspirators of appellant except Alex.

It is not definitely clear from the record that the appellant is white.

the Cuban Embassy in Canada, because the robbery was definitely proved and there was no question of intent.

The State contends that the evidence was admissible to show motive.

In 4 Branch's Ann.P.C.2d, Section 2058, p. 370, is found:

"Proof of facts which show motive is admissible although it involves proof of an extraneous crime."

In 23 Tex.Jur.2d, Evidence-Criminal Cases, Section 128, p. 186, it is written:

"Although the existence of a motive is not essential to a conviction, nevertheless the presence or absence of a motive for a crime is obviously a factor that is related to the question of the defendant's guilt or innocence. Consequently, proof of any existing motive for the offense is generally held admissible, . . . "

In 23 Tex.Jur.2d, Evidence-Criminal Cases, Section 199, p. 309, it is found:

"Evidence of the commission of other crimes by the accused is admissible to show a possible motive for his commission of the crime with which he is charged."

It should be noted that proof of the financial condition of an accused may be shown in a robbery case, apparently to prove motive. See 5 Branch's Ann.P.C.2d, Sction 2590, p. 23.

We hold that the testimony about the statement of the appellant and the other conspirators that the robbery was to get funds to buy arms was admissible to show motive.

■ Appellant relies on Wiley v. State, 168 Tex.Cr.R. 187, 324 S.W.2d 862, which apparently holds contrary to the rules above set out. To the extent that Wiley is in conflict with this opinion, it is overruled.

The third and fourth grounds of error are overruled.

■ In the fifth and sixth grounds of error, complaint is made because of the admission into evidence of a handwritten list of weapons titled "Alex List" which was found in appellant's purse when she was arrested, and is as follows:

"ALEX LIST.

"1.  M–1 Carbines – 5  With banana clips and extra clips
2.  Sub-Machine guns – 3
3.  50-calibre  "  – 1         SILENCERS
4.  3.57 Magnums "  – 3
5.  Smith, Weston, Colt, Revolver .38 – 3     IF
6.  Colt Model 1917 – Double Action .45 – 3
7.  Winchester Model .88 – 2     POSSIBLE!
8.  Double Barrell Shotguns – 12 gauge – 3)
9.  "    " Sawed Off "  – 12 gauge – 3) 6
10.  Grenades – 50     POWER!!!

"PREFERENCES IF WE CANNOT GET ALL OF THE ABOVE –

      5                3

"1st.  M–1 Carbines    2nd  .38 Specials    3rd  45 Revolver – 3
With scope if possible

                        4th  Any Grenades – 50
                        5th  3.57 Magnums – 5"

This list was admissible as a part of the proof of the motive for the conspiracy under the authorities previously discussed.

No error is shown. The fifth and sixth grounds of error are overruled.

There being no reversible error, the judgment is affirmed.

MORRISON, Judge (concurring).

Appellant relies upon Wiley v. State, 168 Tex.Cr.R. 187, 324 S.W.2d 862, and states that the purpose for which this robbery was committed is tantamount to the future robberies contemplated in Wiley. I do not agree. The robberies planned in Wiley are clearly recognizable to a Texas jury as offenses against the law. The purchase of arms in Canada is not. Even a lawyer is baffled as to whether or not the purchase of arms in Canada violates any Texas statute.