Edward Benson SHAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 44635.

Court of Criminal Appeals of Texas.

May 9, 1971.

Melchor Chavez, of Chavez & Barnard, Harlingen (Court Appointed), for appellant.

F. T. Graham, Dist. Atty., Tom Fleming, Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for felony theft; the punishment, four years imprisonment.

The appellant was indicted and tried jointly with two codefendants. The codefendants were granted probation; only the appellant's appeal is before us.

The appellant's ground of error complains that the admission of testimony showing an attempt by the appellant and the codefendants to commit a separate offense similar to the one for which they were on trial presents reversible error.

The appellant urges that such testimony concerning an extraneous matter was not admissible in this case under any of the recognized exceptions to the general rule that separate offenses are inadmissible.

A recitation of certain facts and proceedings in the case will be necessary. At about 3:30 p. m. on the afternoon of September 30, 1970, in Harlingen, the appellant and two companions entered the "fruit stand" at which Anna Villafranca, the complaining witness, was employed by her father. After the three men had aroused the witness's suspicion, the appellant asked for her help ostensibly for the purpose of assisting him in the selection of a watermelon. The produce farthest from the cash register was the watermelons. When

the witness went to wait on the appellant, both of his companions moved behind the counter into the area of the cash register. Miss Villafranca had approximately $125.-00 in a thin leather "purse" beside the cash register. The appellant, upon whom she was waiting, made an effort to divert her attention from the codefendants and in so doing, moved between her and the cash register. She observed one of appellant's companions pick up the purse containing the money but said nothing because she was "afraid." The three men immediately left the fruit market. They were arrested at a motel in Brownsville the following night.

■ The appellant, prior to trial, urged the suppression of identification testimony of Miss Villafranca. The State acknowledged the impropriety of the "lineup" where Miss Villafranca had identified the appellant and assumed the burden of purging the taint from the complainant's in-trial identification. Following the pre-trial hearing the trial court found that Miss Villafranca's identification of appellant and codefendants was not tainted by the "lineup" and refused to suppress her identification testimony.

At that time defense counsel told the court he would not contest the identification of the appellant and codefendants during trial before the jury. He said he understood the State intended, through testimony of one Roberto Castillo, to show that the appellant and codefendants attempted to commit a similar offense to that for which they were being tried and asked the court to instruct prosecutor not to use such testimony. The State acknowledged the intention of using such testimony, believing it admissible to show intent.

The court ruled wisely that such evidence would not be suppressed prior to trial, but instructed the prosecutor that before he offered such testimony, to advise the court of his intention out of the hearing of the jury.

Defense counsel did not cross-examine Miss Villafranca before the jury concerning her identification of any of the defendants. She identified the appellant because of an unusual star tattooed on his right cheek.

Defense counsel did not cross-examine the police officer who was the only other witness offered by the State.

The appellant offered no testimony. The only evidence offered in behalf of the co-defendants was the testimony of one code-fendant's wife. Her testimony, corroborated by documentary proof, was that she had sent certain money to her husband which would have accounted for the money the defendants possessed when arrested. Her testimony did not raise the defense of alibi.

After the defense had rested, the State offered Roberto Castillo as a witness. The appellant's objection to Castillo's testimony before he testified and a number of objections made during his testimony were overruled.

Castillo testified he was an attendant at a service station. The location of the service station was merely shown to be 620 North Commerce. There was no testimony to show in what city or county that address was located. At about 1:00 to 1:30 p. m. on the day of the offense, the appellant and his two companions drove into the station and purchased $1.50 worth of gasoline. They first drove up to pumps in back which were not operating and on Castillo's request moved the car to operating pumps. All three got out of their car. They asked Castillo to check the air in the tires, as well as the oil in the engine and transmission. As Castillo attempted to service their car, one of the men kept standing in such a way as to block Castillo's view of the cash register in the station. They got back in their car and drove away. Castillo, being suspicious of their actions, recorded the license plate number of the car on a piece of paper and later told a detective about the incident.

During Castillo's testimony he was asked by the prosecutor questions as follows:

"Q. All right, Roberto, the first pumps that they pulled up to, could a person stand at those pumps and see the cash register from those pumps?

(Objection overruled.)

"Q. From the first pumps?

"A. No.

" . . .

"Q. Now, how far is it from the door of the filling station to the cash register of the filling station?

"A. About from here to where you are (indicating).

" . . .

"Q. Okay, now, the two individuals who were standing outside by the car with you, did they ever attempt to block your view of the cash register?

(Objection sustained.)

" . . .

"Q. What were they doing all this time?

"A. One of them was covering my view, standing in front of me so I could not see the other one going into the filling station.

(An objection was overruled.)

"Q. What did the individual who was in the service station do?

(An objection was sustained.)

" . . .

"Q. Okay, what was he doing?

"A. He was standing—

"Q. Would you answer.

"A. He was standing there waiting until I wouldn't be looking in his direction so that he could get close to the cash register.

(Appellant's objection was sustained. The court instructed the jury not to consider statement.)

"Q. Okay, Mr. Castillo, did you ever observe that individual move inside the service station?

(Objection was overruled.)

"A. Yes.

"Q. In what direction were his movements?

"A. Toward the register."

The portion of the record quoted, when considered in context with the other testimony of Castillo, creates the unmistakable impression that the appellant and his codefendants had attempted to commit the offense of theft at the service station and only the vigilance of Castillo prevented them from doing so.

The court instructed the jury that Castillo's testimony was limited to the purpose of showing *intent* and *identity*.

The State cites no authority in their brief to sustain their position that Castillo's testimony was admissible. It appears from the record that at the trial the State relied upon Williams v. State, 398 S.W.2d 931 (Tex.Crim.App.1966), as supporting the admissibility of such evidence.

In Williams v. State, *supra,* Williams, Draper and Duson were jointly charged and tried. Williams and Draper entered pleas of not guilty. Duson pled guilty to the offense of felony theft of two suits of clothes from a men's wear store. On the same afternoon the defendants entered two other stores in the same city, appearing to be customers, but purchased nothing. Shoes were missing from an area where they were seen in one store and at the other store where they were seen near the drug counter, certain cosmetics were missing. The defendants were arrested soon after leaving the stores while seated in an automobile. The officers observed clothes loose on the back seat. Where the defendants arrived at the police station, the cos-

metics missing from the drug counter were found in the automobile. Two pairs of shoes, missing from the other store, were found in the room where the defendants were searched at the police station. Williams and Draper did not testify, but Duson testified that there was no conspiracy between the defendants and that she alone had taken the suits which they were charged with stealing and denied that the other two defendants had been in the store where the shoes and cosmetics were taken.

The court instructed the jury to find Duson guilty under her plea of guilty and submitted the issue of guilt of Williams and Draper on a charge on the law of principals and circumstantial evidence. The opinion then reads, "Nor did the court err in permitting the state to show that on the day in question the appellants went into other stores in . . . and took property therefrom. An issue as to whether the parties were acting together as principals was raised by the evidence. The court admitted the evidence for the purpose of showing identity . . . and intent."

Williams, *supra,* is distinguishable on the facts and the defense offered at the time of trial and it is not applicable to the facts in this case.

 As in Hafti v. State, 416 S.W.2d 824 (Tex.Crim.App.1967), the evidence in this case raised no affirmative issue as to identity, intent or appellant's connection wtih the offense for which he was on trial. See also Bennett v. State, 422 S.W.2d 438 (Tex.Crim.App.1967).

The fact that no offense was shown to have been finally consummated at the service station does not render the admission of such testimony harmless error. In Ball

v. State, 118 Tex.Cr.R. 579, 39 S.W.2d 619 (1931), this court said:

"If the state's testimony was to be believed, there was no question as to the intent or identity of appellant. 'Evidence of a disconnected substantive offense is not admissible in support of another offense, and, for a stronger reason, evidence of an intention to commit another offense is not admissible.' Branch's Annotated Penal Code, § 166; Crass v. State, 30 Tex.App. 480, 17 S.W. 1096; Spillman v. State, 38 Tex. Cr.R. 607, 44 S.W. 149, 150; Windham v. State, 59 Tex.Cr.R. 366, 128 S.W. 1130."

The judgment is reversed and the cause remanded.[1]

Opinion approved by the Court.

---

1. As to the other grounds of error raised, we do not believe *under the facts presented* in the record that the appellant was entitled to a free transcript of the testimony at the examining trial. Britt v. North Carolina, 404 U.S. 226, 92 S.Ct.

431, 30 L.Ed.2d 400 (1971). Also, the ruling of the trial court refusing to exclude the identification testimony of Miss Villafranca was correct, considering the facts shown by the record.