Ervin Herman **ALBRECHT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45117.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 15, 1972.

David Hollingsworth, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ronald G. Woods, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for unlawfully passing as true a forged instrument. After the jury returned a verdict of guilty, punishment was assessed by the court at two years.

Appellant challenges the validity of this conviction on the ground that the trial court erroneously admitted into evidence three forged checks which were similar in nature to the instrument which appellant stood charged with having passed. He argues that: (1) under the circumstances of this case, proof of extraneous offenses was impermissible, and (2) the evidence was not sufficiently linked to appellant to justify its admissibility into evidence.

Appellant was charged with having passed a forged instrument to Mary Atzenhoffer. The instrument in question purports to be check number 0432 of the Matcote Company, Inc. payroll account. It is dated March 8, 1968, drawn on the Port City Bank of Houston, and bears a signature, "Harold Kolkhorst", for the payor. The payee listed on the check is Robert L. Ross, and the amount listed is $183.45.

Harold Kolkhorst, office manager of Matcote Company, Inc., testified that he had not signed the check in question, State's Exhibit 1, or authorized appellant to sign his name to any checks. He further stated that the company had never used a check with the number 0432; that the check in question was not one of the company's checks, although they were similar; that he did not know appellant or Robert L. Ross; and that neither appellant nor Robert L. Ross had been employed by Matcote. Kolkhorst was shown three other checks, State's Exhibits Numbers 2, 3, and 4. Each purports to be payroll check number 0432 of the Matcote Company, is dated March 8, 1968, payable in the amount of $183.45 to Robert L. Ross, and signed by Harold Kolkhorst. The witness testified that the signature on the three checks was not his and that he had not given anyone permission to sign his name to these checks.

Mary Atzenhoffer, office manager of Palais Royal's Oak Forest store in Houston, identified appellant as the person who, on March 8, 1968, had passed to her in said store State's Exhibit Number 1, the check which was the subject of the charge against appellant. She testified that appellant had made two purchases, had tendered the check in payment for these purchases, and had shown her a driver's license bearing the name "Robert L. Ross". She accepted the check, credited the purchases, and paid appellant the balance.

Also called to testify by the state was H. H. Foster, a fingerprint examiner for the Houston Police Department. Foster stated that he had examined the checks for fingerprints. His examination of Exhibits 2, 3, and 4 revealed a latent print on each which matched the fingerprints of appellant. The state offered State's Exhibits Numbers 2, 3, and 4, into evidence and they were admitted over objection.

The test for determining the admissibility of any type of evidence is whether the probative value of such evidence outweighs its inflammatory aspects, if any. See, Hernandez v. State, Tex. Cr.App., 1972, 484 S.W.2d 754; Lanham v. State, Tex.Cr.App., 474 S.W.2d 197.

■■ This court has consistently held that an accused is entitled to be tried on the accusation made in the state's pleading and that he should not be tried for some collateral crime or for being a criminal generally. E. g., Rodriguez v. State, Tex.Cr.App., 1972, 486 S.W.2d 355; Ford v. State, Tex.Cr.App., 484 S.W.2d 727; Jones v. State, Tex.Cr.App., 481 S.W.2d 900; Jones v. State, Tex.Cr.App., 479 S. W.2d 307; Powell v. State, Tex.Cr.App., 478 S.W.2d 95; Chandler v. State, Tex. Cr.App., 417 S.W.2d 68; Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836. Evidence of other crimes committed by the accused may be admitted, however, where such evidence is shown to be both material and relevant to a contested issue in the case. E. g., Grayson v. State, Tex.Cr. App., 481 S.W.2d 859; Jones v. State, Tex. Cr.App., 481 S.W.2d 900; Howard v. State, 37 Tex.Cr.R. 494, 36 S.W. 475.

■■ Limitations on the admissibility of evidence of an accused's prior criminal conduct are imposed, not because such evidence is without legal relevance to the general issue of whether the accused committed the act charged, but because such evidence is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him. E. g., Ford v. State, supra; Windham v. State, 59 Tex.Cr.R. 366, 128 S.W. 1130; Crass v. State, 30 Tex.App. 480, 17 S.W. 1096. See also, 1 Wharton, Criminal Evidence (12th Ed.) Sec. 232; 22A C.J.S. Criminal Law § 682. Thus, before evidence of collateral crimes is admissible, a relationship between such evidence and the evidence necessary to prove that the accused committed the crime for which he stands charged must be shown. E. g., Jones v. State, Tex.Cr.App., 481 S.W.2d 900; Powell v. State, supra; Ball v. State, 118 Tex. Cr.R. 579, 39 S.W.2d 619; Spillman v. State, 38 Tex.Cr.R. 607, 44 S.W. 149.

The circumstances which justify the admission of evidence of extraneous offenses are as varied as the factual contexts of the cases in which the question of the admissibility of such evidence arises. Each case must be determined on its own merits.

■ Evidence of extraneous offenses committed by the accused has been held admissible: (1) To show the context in which the criminal act occurred—what has been termed the "res gestae"—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence.[1] (2) To circumstantially prove identity where the state lacks direct evidence on this issue.[2] (3) To prove scienter, where intent or guilty knowledge is an essential element of the state's case and cannot be inferred from the act itself.[3] (4) To prove malice or state of mind, when malice is an essential element of the state's case and cannot be inferred from the criminal act.[4] (5) To show the accused's motive, particularly where the commission of the offense at bar is either conditioned upon the commission of the extraneous offense or is a part of a continuing plan or scheme of which the

1. See, e. g., Hernandez v. State, Tex.Cr. App., 1972, 484 S.W.2d 754; Woods v. State, Tex.Cr.App., 480 S.W.2d 664. See also, 23 Tex.Jur.2d, Evidence, Sec. 196; McCormick, Law of Evidence, Sec. 157.

2. See Ford v. State, supra; Jones v. State, Tex.Cr.App., 376 S.W.2d 842; 23 Tex. Jur.2d, Evidence, Sec. 197; 1 Wharton, Criminal Evidence, Sec. 235 (12th Ed.); 22 C.J.S. Criminal Law § 684.

3. See, e. g., Hernandez v. State, supra; Hampton v. State, Tex.Cr.App., 402 S.W. 2d 748; Williams v. State, Tex.Cr.App., 398 S.W.2d 931; Cage v. State, 167 Tex. Cr.R. 355, 320 S.W.2d 364.

4. See, Fite v. State, 163 Tex.Cr.R. 279, 290 S.W.2d 897; 23 Tex.Jur.2d, Evidence, Sec. 200; 1 Wharton, Criminal Evidence, Sec. 238 (12th Ed.).

crime on trial is also a part.[5] (6) To refute a defensive theory raised by the accused.[6]

These exceptions to the general rule excluding evidence of the accused's prior criminal conduct are not mutually exclusive. Nor do they necessarily represent all possible situations in which the state may permissibly prove that the accused has committed a collateral crime.[7] For example, an extraneous offense committed by the accused while attempting to flee may, in a proper case, be admissible as part of the "res gestae" and to show scienter.[8] Where the defendant is charged with the commission of a crime committed during flight, evidence of the original crime may be admissible on the issues of scienter and motive as well as to show the "res gestae".[9]

█ Probably the most common situation which gives rise to the admission of extraneous offenses is in rebuttal to a defensive theory. However, as the above categories indicate, there are situations in which the state may prove that the accused has committed collateral crimes in its case-in-chief. Whether or not the state may prove a collateral crime is to some extent dependent upon the burden of proof imposed upon the state,[10] and the type of evidence which the state has to offer in proof of the essential elements of its case.

For example, in Jones v. State, Tex.Cr. App., 481 S.W.2d 900, this court held that reversible error was committed in allowing the state to prove the accused had committed an extraneous armed robbery where:

". . . the intent [to commit the offense of robbery by assault for which the accused was on trial] was established by the appellant's brandishing a pistol and committing the robbery, and identity was positively established by four eye witnesses. Such testimony was undisputed."

In *Jones,* we concluded that, even though the state had the burden of proving guilty intent and identity, the state could not permissibly use extraneous offenses as circumstantial evidence on these issues where the state had uncontroverted direct evidence on the issue of identity and guilty intent could be inferred from the act itself. In that type of situation, the prejudicial effect of the evidence far outweighs its relevance to any issue in the case; and the evidence of the extraneous offense serves only to establish the accused's bad character. See also, Ball v. State, 118 Tex.Cr.R. 579, 39 S.W.2d 619; Windham v. State, 59

5. See, Potter v. State, Tex.Cr.App., 481 S.W.2d 101; Mendoza v. State, Tex.Cr. App., 459 S.W.2d 439; Vandall v. State, Tex.Cr.App., 438 S.W.2d 578; 1 Wharton, Criminal Evidence, Sec. 239 (12th Ed.); Underhill, Criminal Evidence, Sec. 187 (4th Ed.); 2 McCormick and Ray, Texas Law of Evidence, Sec. 1521 (2d Ed.).

6. E. g., Grayson v. State, supra; Davis v. State, Tex.Cr.App., 478 S.W.2d 958; Bryant v. State, Tex.Cr.App., 471 S.W. 2d 66; Owens v. State, Tex.Cr.App., 450 S.W.2d 324; Gregory v. State, Tex.Cr. App., 449 S.W.2d 248; Parnell v. State, 166 Tex.Cr.R. 239, 312 S.W.2d 506. See also, Wood v. State, Tex.Cr.App., 478 S.W.2d 513.

7. As one text writer noted in explaining his listing of exceptions: "There are numerous other purposes for which evidence of other criminal acts may be of-

fered, and when so offered the rule of exclusion is simply inapplicable . . . the range of relevancy outside the ban is almost infinite." McCormick, Law of Evidence, Sec. 157. See also, 23 Tex. Jur.2d, Evidence, Sec. 194; 1 Wharton, Criminal Evidence, Sec. 232 (12th Ed.); Underhill, Criminal Evidence, Sec. 180 (4th Ed.).

8. E. g., Woods v. State, Tex.Cr.App., 480 S.W.2d 664; Israel v. State, 158 Tex. Cr.R. 574, 258 S.W.2d 82.

9. See, 1 Wharton, Criminal Evidence, Sec. 239 (12th Ed.).

10. For examples of how the burden of proof for various crimes affects the admissibility of extraneous offenses, see generally, Annot., 93 ALR 2d 1097; Annot., 78 ALR 2d 1359; Annot., 77 ALR 2d 841; Annot., 42 ALR 2d 545; Annot., 34 ALR 2d 777.

Tex.Cr.R. 366, 128 S.W. 1130; Harris v. State, 55 Tex.Cr.R. 469, 117 S.W. 839. However, in a robbery case where the state lacks direct evidence on the issue of identity, extraneous robberies committed by the accused are admissible if "the evidence conclusively shows that whoever attempted the previous robberies did commit the robbery now under consideration." Wyatt v. State, 55 Tex.Cr.R. 73, 114 S.W. 812. See also, Ford v. State, supra.

■ In some limited instances, evidence of extraneous offenses may become admissible where the effectiveness of the state's direct evidence, though uncontradicted by other evidence, is completely undermined by defense cross-examination. See, Simmons v. State, Tex.Cr.App., 457 S.W.2d 570; Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901; Olivio v. State, Tex.Cr.App., 422 S.W.2d 182. However, it is not the mere asking of the questions but the responses elicited from the witness which are determinative. Where the testimony of a witness remains unimpeached after cross-examination, the mere fact that the witness was cross-examined does not authorize the state to introduce testimony of extraneous offenses. See, Caldwell v. State, Tex.Cr. App., 477 S.W.2d 877, where we stated:

"To hold that the cross-examination of this prosecutrix would permit the introduction of an extraneous offense would be tantamount to holding that such testimony would be admissible in any case where a defendant's counsel exercises the constitutional right of cross-examination. That is not and should not be the law."

■ In the instant case, after witness Atzenhoffer had identified appellant as the person who passed the check in question, she was cross-examined concerning the appearance of the person who had passed the check, the purchases made by that person on that occasion, the check cashing procedure at the store, the number of people in the store at the time the check was passed,

conversations which she had had with the District Attorney, her photographic identification of appellant, and the length of time between the date of the offense and the trial. This cross-examination did not go beyond the bounds of testing the witness' testimony. Throughout such examination, the witness never waivered in her identification of appellant. Therefore, the state would not be authorized to introduce a collateral crime on this ground. Caldwell v. State, supra.

■ Since appellant did not affirmatively contest any issue to which evidence of a collateral crime would be relevant, we must determine whether such evidence was necessary to prove an essential element of the state's case. Where an accused is charged with unlawfully passing as true a forged instrument, the state must prove: (1) that the accused passed the instrument as true; (2) that the instrument in question was a forgery; and (3) that the accused knew the instrument was a forgery when he passed it. E. g., Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694; Tarwater v. State, 160 Tex.Cr.R. 59, 267 S.W.2d 410; Montgomery v. State, 157 Tex. Cr.R. 44, 246 S.W.2d 209. See also 3 Branch's Ann.P.C.2d, Sec. 1611.

In the instant case, the state offered proof through witness Atzenhoffer that appellant passed the instrument in question and through witness Kolkhorst that the instrument in question was a forgery. To prove that appellant knew that the instrument in question was a forgery, the state offered proof through witness Atzenhoffer that appellant had exhibited to her, for identification purposes, a driver's license bearing the name "Robert L. Ross," the designated payee on that instrument. Also, State's Exhibits 2, 3, and 4, instruments which were substantially the same as the instrument in question and which bore appellant's fingerprint on each, were offered.

■ The act of passing as true an instrument is not one from which guilty knowledge can be inferred. This court has

consistently held that since the state must prove scienter, collateral offenses which form a part of the same continuing criminal design as the offense in question are admissible on this issue as a part of the state's main case. E. g., Robledo v. State, Tex.Cr.App., 480 S.W.2d 401; Baker v. State, Tex.Cr.App., 467 S.W.2d 428; Mendoza v. State, Tex.Cr.App., 459 S.W.2d 439; Vandall v. State, Tex.Cr.App., 438 S.W.2d 578; Reyes v. State, 172 Tex.Cr.R. 82, 353 S.W.2d 450; Harris v. State, 169 Tex.Cr.R. 143, 333 S.W.2d 142; Stone v. State, 147 Tex.Cr.R. 489, 182 S.W.2d 400; Heard v. State, 9 Tex.App. 1; Ham v. State, 4 Tex.App. 645. More specifically, the rule as stated in 25 Tex.Jur.2d, Forgery, Section 59, is that:

"On the issue of guilty intent or knowledge, evidence of other forgeries is admissible to show the state of mind with which the crime in suit was perpetrated, . . . provided such forgeries were not too remote in point of time.[11]

. . .

"[E]vidence of the passing of other checks is inadmissible if there is no connection between those acts and the crime for which the defendant is on trial.

"Before other instruments alleged to have been forged by the accused may be received in evidence against him, both the spurious nature of those instruments and accused's connection with them must be shown to the satisfaction of the court."

The question presented by this appeal is whether State's Exhibits 2, 3, and 4 were sufficiently connected to appellant to justify their admission into evidence. The record reflects that these checks were processed through the Port City Bank of Houston and appellant's fingerprints appeared thereon.

Appellant relies on the holdings of this court in Bowen v. State, 460 S.W.2d 421,

Dues v. State, 456 S.W.2d 116, and McGarry v. State, 82 Tex.Cr.R. 597, 200 S.W. 527, for the proposition that the presence of appellant's fingerprints on these checks is insufficient, standing alone, to connect him to them. These cases hold that:

"Fingerprints alone may be sufficient to convict if the evidence shows that they must *necessarily have been made at the time of the burglary*." Bowen v. State, supra, 460 S.W.2d at 423.

Assuming *arguendo* the applicability of these decisions to a case involving the passing of a forged instrument, they are inapplicable to the situation presented in the instant case.

While the presence of appellant's fingerprints, standing alone, would be insufficient to show that he had passed them, such evidence is sufficient to show that he possessed them. The fact that he possessed them demonstrates that he had knowledge of their existence. Therefore, the presence of appellant's fingerprints on forged checks which were substantially identical to the one he was charged with passing demonstrates that he passed the instrument in question knowing it to be a forgery. See Vandall v. State, Tex.Cr. App., 438 S.W.2d 578. We hold that the evidence was sufficiently linked to appellant to be admissible on the issue of knowledge.

No reversible error having been shown, the judgment is affirmed.

MORRISON, Judge (concurring).

I agree with the affirmance of this conviction on the basis of the terse statement of the law regarding the admission of extraneous offenses in forgery and passing cases found in Harris v. State, 169 Tex. Cr.R. 143, 333 S.W.2d 142, cited in the majority opinion.

11. See Robledo v. State, Tex.Cr.App., 480 S.W.2d 401.