Oscar Garcia LOPEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–287–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 19, 1984.

**816**

David K. Chapman, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of aggravated robbery. The jury found true the enhancement allegations set out in the indictment. The trial court assessed punishment at life imprisonment in the Texas Department of Corrections.

Appellant asserts in his first ground of error that the trial court erred in refusing to grant a mistrial after a witness testified that heroin had been found in a search of a house occupied by appellant's brother who was a co-defendant. It is appellant's contention that this testimony constituted evidence of an extraneous offense for which appellant was not shown to have been the perpetrator.

This testimony was elicited during the prosecutor's direct examination of Police Officer Edward Guerra who had participated in the search of the co-defendant's residence. The questioned testimony was as follows:

QUESTIONS BY MR. McHUGH:

Q. Officer, did you recover any other evidence?

A. The other evidence that I recovered was some alleged heroin.

Q. Okay, Where was the heroin recovered?

MR. HERNANDEZ: We're going to object to that. That is certainly out of the record of this particular case and it is not material.

THE COURT: That is going to be sustained.

MR. HERNANDEZ: We want to approach the Bench.

THE COURT: Wait a minute. Let me finish. That will be sustained. The jury will be instructed to disregard anything that was said there.

MR. HERNANDEZ: We want to approach the Court, your Honor, on the last statement that was made by the witness. We want to approach the Court.

THE COURT: You may approach the Bench.

(Whereupon, the following proceedings were held at the Judge's Bench:)

MR. HERNANDEZ: We're going to ask for a mistrial in this case, Judge, due to the fact that the officer unsolicited or solicited by the Assistant District Attorney, knowing perhaps what the officer was going to say, the officer voluntarily insofar as it can be related, indicated that he found heroin or alleged heroin at that location, and that is certainly a matter

that is very detrimental to the rights of this Defendant. He is not charged with that offense. Neither is the other party that is a coDefendant [sic] in this case, and we ask the Court to declare a mistrial because it is so inflammatory as to prejudice the rights of the Defendant before this particular jury.

THE COURT: All right. That will be overruled. I want you to be more careful.

MR. HERNANDEZ: We object to the ruling of the Court.

 It is well settled that an accused may not be tried for a collateral crime. *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr. App.1972). Error in the admission of improper testimony is generally cured by an instruction to disregard "except in extreme circumstances where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Thompson v. State,* 612 S.W.2d 925, 928 (Tex.Cr.App.1981).

Here, the trial court promptly sustained appellant's objection and instructed the jury to disregard. No other evidence of a similar nature was admitted, nor was there any further mention of the discovery of heroin during the course of the trial. The jury was aware that the search was conducted in the co-defendant's residence and not the appellant's residence. Any error in eliciting this testimony was rendered harmless by the trial court's instruction to disregard.

In appellant's second ground of error he claims the trial court erred by admitting into evidence two rifles found in the co-defendant's residence during a search. He asserts that this constituted proof of an immaterial extraneous offense which was not shown to have been perpetrated by the appellant. The rifles were admitted into evidence over the objection of appellant's counsel that "they are not material insofar as they relate to this defendant in this cause, your Honor."

While the admission into evidence of the rifles was immaterial, the possession of a rifle by the co-defendant did not constitute an offense under the Penal Code. TEX.PENAL CODE ANN. § 46.01(10) (Vernon 1974) or § 46.06 (Vernon Supp.1982–1983). Their admission into evidence by itself could therefore not constitute admission of evidence regarding an extraneous offense.

There is an additional basis for overruling the ground of error. The objection at trial was to the materiality of the evidence, while the ground of error on appeal is that this evidence constitutes evidence of an immaterial extraneous offense. The objection at trial does not comport with the ground of error on appeal. Therefore, nothing is preserved for review. *Carillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979).

The judgment of the trial court is affirmed.