OPINION
ROBERTSON, Justice.
The jury rejected appellant’s plea of not guilty to murder, found he had been previously convicted on an enhancement allegation, and assessed life imprisonment. On appeal he complains of evidentiary rulings permitting evidence of what he terms extraneous offenses and the failure of the court to instruct the jury concerning accomplice witness testimony. We affirm.
Appellant does not challenge the sufficiency of the evidence. However, to properly place in context his contentions on appeal, a brief summary is helpful.
Kellie and Leisa, two young females who had been friends for some years, had been using drugs for several years. On the night of the murder, May 9, 1983, appellant was at Kellie’s home, when at about midnight, Kellie and appellant went to Leisa’s house and then the three of them went in search of drugs. Unable to find drugs, they went to the home of the deceased, Pat Sklar, and got him to go with them. They thought he could assist them in securing drugs. At approximately four o’clock that morning, appellant stopped the automobile at a fast food place for the two females to use an outdoor pay phone. While using the phone, they heard two shots and they ran back to the auto. The women saw appellant, seated in the driver’s seat, holding *534 a .25 caliber Berretta pistol and the deceased in the rear seat, leaning over and bleeding. Appellant instructed them to get in the car, which they did. They returned to Leisa’s home, the women got out of the car and appellant drove off. Appellant returned shortly thereafter without the deceased. He then took Kellie back to her home and told her that he had taken care of the deceased. The police located the body of the deceased later that day.
On May 28, 1983, appellant was arrested, alone, in the automobile in which the deceased had been killed. The basis for the arrest was that appellant was driving a stolen automobile. The automobile had been stolen about ninety days before the arrest. Inside the automobile the owner had a .25 caliber Berretta automatic pistol which was stolen with the automobile. At the time of this arrest of appellant, he was carrying in his waistband a .38 caliber Colt Super pistol. The evidence showed that some four days following the murder he had received the .38 from Kellie’s father in trade for a .25 caliber automatic Berretta. It was further shown through another witness that during the month before the murder appellant drove the stolen automobile from Houston to California and back, and at that time had in his possession a pistol “similar” to the .25 caliber Berretta exhibited to her at trial. The Berretta pistol used in the murder was never recovered because it had been traded by Kellie’s father to a “trucker.” Finally, in August, 1984, law enforcement authorities obtained the cooperation of Kellie and Leisa and murder charges were lodged against appellant. Other circumstantial evidence is in the record but will not be discussed herein as it has no bearing on appellant’s contentions.
In his first four grounds of error appellant complains of the action of the court in admitting evidence of his arrest while driving a stolen vehicle, his possession of a pistol at the time of such arrest, his trading of the .25 caliber Berretta for the .38 caliber Colt and his possession of the Berretta pistol on the trip to California. He contends that in each instance the evidence showed the commission of an extraneous offense and argues the admission of this evidence was “not material and its relevance to any material issue was out weighed by its prejudicial and inflammatory nature.” The state challenges an appellate predicate for our consideration of the first and second grounds of error based upon the lack of a timely objection and the admission of other unobjected to testimony. Believing that all the evidence complained of was admissible, we combine the first four grounds for discussion and address all on the merits.
It is interesting to note the approach appellant takes in arguing that the evidence of which he complains was inadmissible. Concerning the evidence that the automobile in which he was arrested shortly after the murder was stolen, appellant posits “[although the vehicle in which appellant was arrested may have been involved in the murder for which appellant was being tried, the fact that it was stolen was immaterial to any element of the indictment and was not admissible as res gestae of the alleged murder because the circumstances of the arrest did not explain or put in context the murder.” Quite the contrary, the evidence regarding the theft of the auto was highly relevant in proving the state’s case. When the auto was stolen, which was prior to the murder, there was a .25 caliber Berretta automatic in the auto. The original owner testified that the Berretta pistol when in his possession had contained ammunition identical to that which killed the deceased. This evidence was highly relevant in explaining appellant’s possession and use of the Berretta pistol in the murder. In addition, the evidence regarding the theft showed that the back seat of the auto, when stolen, did not contain blood and the rear seat belts had not been cut. (After the auto was recovered from appellant the insurance company for the original owner sold the auto since they had already paid off the original owner.) Evidence showed, that when the auto was later located in Minnesota, a rear seat belt had been cut out and it was chemically determined that there were traces of hu *535 man blood where the cut was, on the floor and under the seat. This evidence was relevant in determining how.the murder occurred and in corroborating the testimony of the two female witnesses. Even though both Kellie and Leisa testified, their testimony did not remove the case from being a circumstantial one.
The appellant says, since the murder weapon was a .25 caliber pistol, the evidence that the appellant had a .38 caliber Colt Super pistol in his waistband when he was arrested in the stolen auto and that the appellant had traded the .25 caliber Berretta for the .38 caliber Colt “was completely unrelated to any issue in the indictment and was offered before the jury solely to inflame their minds and to try the appellant as a criminal generally.” We do not agree. The .25 caliber Berretta was never recovered. This evidence was, therefore, highly relevant to prove that appellant was in possession of the murder weapon some four days following the murder and that the pistol he was wearing at the time of his arrest was the exact pistol appellant had received in return for the Berretta. Likewise such evidence was, also, highly probative in corroborating the damning testimony of Kellie and Leisa which appellant attacked.
Concerning the testimony that during the month before the murder appellant made a trip to California in the stolen automobile and at that time had in his possession a pistol “similar to” the .25 caliber Berretta automatic, appellant merely says that the' admission of this evidence “together with the other similar extraneous offenses admitted into evidence” constituted reversible error. We disagree. As pointed out by the state, this was not evidence of an extraneous offense because it is lawful to carry a pistol while traveling. If evidence fails to show that an offense was committed, the evidence of an extraneous offense is not established. McKay v. State, 707 S.W.2d 23 (Tex.Crim.App.1985).
While it could be forcefully argued that none of the evidence complained of falls within the classic definition of an “extraneous offense,” all the evidence is so clearly admissible that we will treat it as such.
In the recent case of Williams v. State, 662 S.W.2d 344 (Tex.Crim.App.1983), the court of criminal appeals clarifies, to some extent, the rule concerning the admissibility of extraneous offenses. First, the court recognizes that the list of examples of admissible extraneous offense as contained in Albrecht v. State, 486 S.W.2d 97 (Tex.Crim.App.1972) is not exhaustive nor does it state the test for their admissibility. The test which the court does unanimously then adopt is:
For extraneous transactions constituting offenses shown to have been committed by the accused (note omitted) may [sic] become admissible upon a showing by the prosecution both that the transaction is relevant to a material issue in the case; and, the relevancy value of the evidence outweighs its inflammatory or prejudicial potential, (citing cases).
Then, in applying this test, the court stated:
Within this analysis, the inquiry as to whether, at what time, and for what purpose an extraneous offense is admissible differs for cases established by direct and circumstantial evidence. (Citing cases.)
‘[I]n a case established by direct evidence the court must consider whether the material issue to which the extraneous conduct is relevant is contested, and if so, ... determine whether its admission would be of assistance to the jury in resolving the contested issue before it.’ (Citing cases.) In a circumstantial evidence case, admissibility as part of the State’s direct evidence depends on the transaction’s relevance to a material issue which the State must prove. (Citing cases.) Williams at 346. (Emphasis theirs).
As stated above, this was a circumstantial evidence case. Each and all the items of evidence of which appellant complains was clearly relevant to a material issue which *536 the state had to prove, and, clearly, its relevancy value outweighed its inflammatory or prejudicial potential. Appellant’s first four grounds are overruled.
In his fifth ground appellant contends the court erred in failing to submit as a fact question for the jury the issue of whether Kellie and Leisa were accomplice witnesses whose testimony would require corroboration. We disagree. Both witnesses denied any participation in or involvement with the offense. There is no evidence from any other source that they were in any way involved. ■
It is well settled that an accomplice witness is one who has participated with another before, during, or after the commission of a crime. One is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged. And a witness is not deemed an accomplice witness because he knew of a crime but failed to disclose it or even concealed it. Villarreal v. State, 576 S.W.2d 51, 56 (Tex.Crim.App.1978) and the many cases there cited. Appellant’s fifth ground of error is overruled.
The judgment is affirmed.