02-11-378-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00378-CR

 

 


 
 
 Matthew
 Christopher Clark
  
  
  
  
 v.
  
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From County Criminal
 Court No. 1
  
 of
 Denton
 County
  
 (CR-2010-01679-A)
  
 March 14, 2013
  
 Opinion
 by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

By_________________________________

   
Justice Lee Ann Dauphinot

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00378-CR

 

 


 
 
 Matthew Christopher Clark
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 1 OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Matthew Christopher Clark appeals the trial court’s revocation of his
misdemeanor community supervision for assault of a family member in violation
of Texas Penal Code section 22.01(a)(1).  In two issues, he argues that the
trial court abused its discretion by revoking his community supervision based
on the State’s improper argument and that he was not afforded due process of
law.  Because the trial court did not abuse its discretion by revoking
Appellant’s community supervision and because he was afforded the due process
to which he was entitled, we affirm the trial court’s judgment.

The
underlying offense for which Appellant was placed on community supervision was
committed in Denton County.  Because Appellant was a resident of Tarrant
County, his community supervision was transferred to Tarrant County. 
Typically, Appellant was ordered to participate in several programs and
evaluations and was ordered to pay all the fees involved with the various
programs and evaluations, as well as community supervision fees, a Crime
Stoppers fee, a family violence shelter fee, and court costs, while being
required to support his family and complete eighty hours of community
supervision.  The purported purpose of all these fees, evaluations, meetings,
programs, and panels was to rehabilitate Appellant.  Appellant initially
reported to the Denton County community supervision office on September 3,
2010.  He was arrested for a new offense involving alcohol in December 2010.

The
transfer to Tarrant County did not go smoothly.  Denton County community
supervision officer Rhett Wallace testified at the revocation hearing that he
was not even sure whether Appellant had ever met with his Tarrant County community
supervision officer because it often takes Tarrant County two to three months
to complete the transfer process.  Wallace also testified that Appellant knew
he had an affirmative duty to provide proof of completion of the various
evaluations, panels, programs, and community service obligations and that
Wallace had received no such proof.

In
his first issue, Appellant contends that the State improperly elicited
testimony about his alcohol-related arrest, a revocation allegation that the
State abandoned before trial.  Although the State dismisses Appellant’s
argument as bordering on specious, we do not find it to be so.  We consider the
issue of legitimate concern.

We
review the trial court’s decision to admit evidence for an abuse of discretion.[2]  The trial court
abuses its discretion only if its decision falls “outside the zone of
reasonable disagreement.”[3]

Appellant
points out that a defendant in a criminal case may not be simultaneously tried
for a collateral crime.[4] 
Appellant is correct under normal circumstances.  In a community supervision
revocation case, however, commission of a new offense, or even an allegation of
the commission of a new offense, may become relevant if it relates to the
violation of a condition of community supervision, such as to commit no new
offense, to avoid persons or places of disreputable or harmful character, or to
use no alcohol.

The
State had abandoned the allegation that Appellant had committed a new offense
in its live petition to adjudicate.  But the State offered evidence of the new
arrest because it involved alcohol, and Appellant had not yet completed the
required drug and alcohol evaluation.  Under the facts of this case, the issue
of alcohol abuse was both relevant and of concern to the trial court in
determining the appropriate disposition of the case.  As we understand the record,
the trial court heard the evidence not as evidence of a collateral offense, but
in relation to the negative impact of alcohol on Appellant’s life and the
importance of the alcohol and drug evaluation.  We therefore hold that the
trial court did not abuse its discretion by overruling Appellant’s objection to
the evidence.  To the extent that Appellant complains of the prosecutor’s
referencing the alleged new offense in closing argument, we note that
Appellant’s objection to the prosecutor’s argument was sustained.  We overrule
Appellant’s first issue.

In
his second issue, Appellant argues that he was denied due process because he
did not receive sufficient guidance and supervision from the community
supervision officers.  As the Texas Court of Criminal Appeals recently
explained,

Revocation involves
the loss of liberty and therefore implicates due process.  The central issue to
be determined in reviewing a trial court’s exercise of discretion in a
community supervision revocation case is whether the defendant was afforded due
process of law.[5]

Wallace
admitted that Tarrant County did not even offer the Victim Impact Panel that
Appellant had been ordered to attend.  Wallace also admitted that Appellant
might not have yet met the community supervision officer in Tarrant County
after the September meeting in Denton County.  Wallace also admitted that the
mere fact that the Denton County Community Supervision office does not have a
record of completion of a community supervision requirement does not mean that
it has not been completed.  Appellant argues that “[i]n addition to . . . receiving
no supervision and no guidance, he also had no idea of who to send proof that
he was doing what he was supposed to be doing.”  Appellant argues that because
he did not receive the guidance he needed, the trial court violated his right
to due process by revoking his community supervision.

Ideally,
every community supervision department would have adequate staff and funding to
operate at maximum efficiency.  Ideally, every person placed on community
supervision could be personally guided through the process.  Unfortunately, we
do not live in that ideal world.  Probationers often need the continued advice
and guidance of their attorneys in traveling the winding and treacherous road
of community supervision.  But the record shows that Appellant knew that he was
obligated to pay his fees, and he also knew that he could mail those fees to
the Denton County Community Supervision Department.  He did not do so; he
offered no suggestion that he was unable to pay.  The record shows that
Appellant knew how to contact the Denton County Community Supervision
Department to ask questions about when and where to report to his community
supervision officer as well as for evaluations, panels, counseling, and all the
other myriad conditions of community supervision.  While a stated goal of
community supervision is rehabilitation,[6]
it may often appear to be an exceedingly difficult obstacle course that the
probationer is expected to negotiate.  In the case now before this court,
however, the State proved that Appellant violated at least one condition of
community supervision for which he had no excuse or justification.  Proof of a
single violation is sufficient to support revocation.[7]  We cannot say that the trial
court violated Appellant’s right to due process by revoking his community
supervision based on his unjustified failure to pay the assorted fees.  We
overrule Appellant’s second issue.

Having
overruled Appellant’s two issues on appeal, we affirm the trial court’s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

LIVINGSTON, C.J., concurs without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
March 14, 2013









[1]See Tex. R. App. P. 47.4.





[2]Davis v. State, 329
S.W.3d 798, 803 (Tex. Crim. App. 2010), cert. denied, 132 S. Ct. 128
(2011).





[3]Id. (citation
omitted).





[4]See Albrecht v. State,
486 S.W.2d 97, 100 (Tex. Crim. App. 1972).





[5]Leonard v. State,
385 S.W.3d 570, 577 (Tex. Crim. App. 2012) (citations omitted).





[6]United States v.
Knights, 534 U.S. 112, 119, 122 S. Ct. 587, 591 (2001).





[7]Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).