# DECEMBER 19, 1945

C. R. BARBER V. THE STATE.

No. 23252. Delivered December 19, 1945.

The opinion states the case.

*Eugene F. Mathis,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The brief filed by the State's Attorney before this Court reflects the views of the Court and is adopted as its opinion, viz.:

"This is an appeal from the County Court of Lubbock County, Texas, from a conviction for failure to exhibit an operator's license on demand, the punishment, a fine of $200.00.

"The prosecution, however, originated in the Justice Court of Precinct No. 1, Place No. 2, in Lubbock County, wherein the defendant was charged by complaint, (eliminating the formal part thereof), 'C. R. Barber did then and there unlawfully, while operating an automobile upon a street, within the City of Lubbock, Lubbock County, Texas, fail to display an operator's license upon demand to do so by a peace officer, against the peace and dignity of the State.' This complaint was apparently brought under the provisions of Article 6687b-13 of the Civil Statutes of Texas, which reads as follows:

" 'Sec. 13—License to be carried and exhibited on demand— Every licensee shall have his operator's, commercial operator's,

or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same, upon demand of a magistrate or any officer of a court of competent jurisdiction or any peace officer. It shall be a defense to any charge under this Section that the person so charged produce in court an operator's commercial operator's, or chauffeur's license theretofore issued to such person and valid at the time of his arrest.'

"It will be noted that the statute provides that every licensee shall have his operator's, commercial operator's or chauffeur's license in his immediate possession at all times when operating a motor vehicle. It therefore occurs to us that it is absolutely necessary for the State to allege and prove that the accused was, on the date of the alleged offense, a licensee, for, as we construe the statute above quoted, it applies specifically to a licensee and unless the person accused was a licensee, we fail to understand how he could be guilty of violating the provisions of this portion of the statute in failing to display same upon demand."

In holding the complaint insufficient to charge an offense under the statute mentioned, we are not to be understood as passing upon the validity of the statute. That question is not before us and is not decided. What we hold is that the instant complaint does not charge an offense under the statute.

Accordingly, the judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.