## W. LEE HASSELL V. THE STATE.

No. 23353. Delivered May 15, 1946.

The opinion states the case.

*G. C. Harris,* of Greenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for operating a motor vehicle upon a highway without a license; the punishment, a fine of $50.00.

By what is commonly referred to as the Drivers' License Act, and appearing as Art. 6687b of Vernon's Annotated Civil Statutes, the Legislature of this State provided for the licensing of operators of motor vehicles over the public highways of this State, Sec. 2 of Article II, of the Act reads as follows:

"Drivers must have license.

"(a) No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this State, unless such person has a valid license as an operator, a commercial operator, or a chauffeur under the provisions of this Act.

"(b) Any person holding a valid chauffeur's or commercial operator's license hereunder need not procure an operator's license.

"(c) No person holding an operator's, commercial operator's, or chauffeur's license duly issued under the provisions of this Act shall be required to obtain any license for the operation of a motor vehicle from any other State authority or department. Subsection (c) of Section 4 of Article 911A and Subsection (b) of Section 4 of Article 911B, Revised Civil Statutes, is hereby repealed."

Sec. 44 of Art. VI of the Act provides the penalty for the violation.

It is by these statutes made unlawful for any person to drive or operate a motor vehicle over a highway of this State without having a license, either as an "operator," a "commercial operator," or a "chauffeur." One holding a license as a "commercial operator" or "chauffeur" is not required to have an "operator's" license.

Certain exemptions and exceptions from the operation of the Act are provided in Sec. 3 of Art. II. thereof.

The information upon which this conviction was predicated alleged that appellant "did then and there unlawfully operate a motor vehicle upon a public highway, to-wit, State Highway No. 24, without a Driver's License."

It is insisted that the information charges no offense, because a "driver's license" is neither recognized nor authorized to be issued under the Act and, by reason thereof, it constitutes no offense to drive a motor vehicle without such a license.

Only three types of licenses are authorized or required under the Act. These are operators', commercial operators', and chauffeurs', and they are specially defined in the Act. The term "driver"—as used in the Act—is defined to be: "Every person who drives or is in actual physical control of a vehicle." In view

of this particular definition of the term "driver," it cannot be said that such term may be used interchangeably with or given the same meaning as the term "operator."

In view of this particular definition of the term "driver," it cannot be said that such term may be used interchangeably with or given the same meaning as the term "operator."

There being no such license as a "driver's" license known to the law, it follows that the information, in charging the driving of a motor vehicle upon a public highway without such a license, charges no offense.

Because of the defect in the information, the judgment is reversed and prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.