### TED HOLLOWAY V. STATE.

No. 25192. March 7, 1951.

*W. E. Martin*, Abilene, for relator.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted and assessed a fine of $100 under an information and complaint charging that appellant "did then and there unlawfully drive and operate a motor vehicle upon the public roadways of the state while his drivers license was suspended."

Appellant attacks the sufficiency of the information to charge an offense.

The prosecution appears to have been brought under the provisions of Art. 6687b, Vernon's Ann. Civil Statutes, commonly referred to as the Texas Drivers License Law, Sec. 27 thereof in part providing that no person whose operator's, commercial operator's or chauffeur's license or privilege to operate a motor vehicle in this state has been suspended shall operate a motor vehicle during such suspension. Sec. 44 of such act provides a punishment for such offense by fine not to exceed $200.

The information against appellant fails to allege that appellant had been issued either an operator's commercial operator's

or chauffeur's license, or that he drove a motor vehicle while such a license was suspended.

In Hassell v. State, 149 Tex. Cr. R. 333, 194 S.W. 2d 400, an information alleging that the defendant operated a motor vehicle upon a public highway without a "drivers license" was held insufficient to charge an offense since a drivers license is not known to the law.

In Barber v. State, 149 Tex. Cr. R. 18, 191 S.W. 2d 879, a complaint charging the operation of an automobile and failure to display operator's license, on demand of a peace officer, was held insufficient to charge an offense in the absence of an allegation that accused was, on the date of the alleged offense, a licensee.

The information being insufficient to charge an offense, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the court.