## HANCOCK v. STATE.
### No. 25920.

Court of Criminal Appeals of Texas.
June 28, 1952.

Burks & McNeil, by Burton S. Burks, Lubbock, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for driving a motor vehicle upon a public highway while appellant's license was suspended. The fine was $25.

The complaint and information do not allege that he had an operator's license at the time of his conviction in the former offense. There is no allegation upon which proof may be admitted to show that he did, and there is no such proof in the record.

The judgment of the trial court is reversed and the prosecution ordered dismissed. Barber v. State, 149 Tex.Cr.App., 18, 191 S.W.2d 879; Holloway v. State, Tex.Cr.App., 237 S.W.2d 303.

Ex·parte BEAL et al.
No. 25865.

Court of Criminal Appeals of Texas.
May 21, 1952.

Rehearing Denied June 25, 1952.

Houchins & Goodenow, Joe M. Block, Houston, for appellant.

Price Daniel, Atty. Gen. of Texas, Calvin B. Garwood, Jr., Asst. Atty. Gen. of Texas, George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

This record reflects that appellants (relators in the court below) seek to invoke the appellate jurisdiction of this Court to review the action of the trial court in refusing to discharge them from custody under a judgment adjudging them to be juvenile delinquents and committing relators to the custody of the Texas Youth Development Council.

Article 5, Section 5, of the Constitution of this State, Vernon's Ann.St. Const. art. 5, § 5, limits the appellate jurisdiction of this Court to criminal cases. The judgments sought to be here nullified are of a class declared by the Legislature as appealable to the civil courts and do not possess the requisites necessary to constitute a judgment in a criminal case. See Articles 766, 783 and 784, C.C.P.

The appellate jurisdiction of this Court is not shown, and the purported appeal is dismissed.

On Appellants' Motion for Rehearing
DAVIDSON, Judge.

In a motion for rehearing evidencing much study and research, supplemented by able oral presentation, appellants insist that they are unjustly and without authority of law deprived of their liberty, and that the Juvenile Delinquency Act, Art. 2338-1, Vernon's R.C.S., which forms the basis of their confinement, is invalid.

As pointed out originally, appellants, for redress, seek to invoke the appellate jurisdiction of this court by an appeal to this