## BROOKS v. STATE.
### No. 26458.

Court of Criminal Appeals of Texas.
May 27, 1953.

George W. Walker, Van Horn, for appellant.

Wesley Dice, State's Atty., of Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the violation of Art. 6687b, § 27, V.A.R.C.S.; and his punishment was assessed at a fine of $50.

The information upon which this conviction was predicated alleged that appellant "did then and there unlawfully drive and operate a motor vehicle upon a public

## YANCY v. STATE.
### No. 26463.

Court of Criminal Appeals of Texas.
May 27, 1953.

highway, to-wit: U. S. Highway Number 80, situated within said county and state, while his, the said Keith Brook's, drivers license was suspended."

In Hassell v. State, 149 Tex.Cr.R. 333, 194 S.W.2d 400, 401, we said:

"There being no such license as a 'driver's' license known to the law, it follows that the information, in charging the driving of a motor vehicle upon a public highway without such a license, charges no offense." See also Holloway v. State, Tex.Cr.App., 237 S.W.2d 303.

Because the information fails to charge an offense, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.