This document contains some pages that are of poor quality at the time of imaging.

75,351-02

**Criminal Appeals Court**

201 E 14th St, Austin, TX 78701

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 06 2015

Abel Acosta, Clerk

## Petition for Writ of Habeas Corpus

This Court has Jurisdiction to hear this petition pursuant to The Federal Constitution and Art 5 Section 5 (c), Art 1 Sec. 12, 13, 15, 18, 19, 27 and 29 Texas Constitution and has the duty to do so.

This petition is brought before this court for just cause and crime against me and denial of my right to liberty and travel, including Fraud, False imprison, Armed Kidnapping, using false and bogus citations 5949, 5960 and 08907 still pending in Grand Saline Texas Corporation administrative Court without Jurisdiction criminal conversion of true name into a corporate legal person, denial of a 7th amendment trial, denying me the right to travel on the public road in the State Of Texas. Policy enforcement officer Burns claiming I had to have a Drivers license before I can travel on the public the runs through the Corp city of Grand Saline of the "the State of Texas" has make two false arrest the present one was on may 2nd 2015 he took me to the Sheriff's commercial Jail and placed me in prison with out arrest authority or jurisdiction with the only jurisdiction of officers of corporations which is not me.

Policy enforce officer Burns stopped me again on May 2, 2015 while I was traveling on U.S. Highway 80 in Grand Saline and claimed he had two warrants for my arrest for failure to appear. I told him he did not have any lawful warrants for my arrest he ignored me. I told him and did appear and I had witnesses. He put me in irons and took me to jail. I ask him has he look at the evidence in the court showing there were no such license in "the State of Texas" as a drivers license in "the State of Texas" and the speed signs were for commercial drivers hauling people and goods for hire. He ignored that also. It is evident that Burns is using his office for highway robbery with the aid of the officers of the city court and the city counsel to bring in funds for the city. It is also evident no fair trial can be had in the city court. The last thing Burns said to me at the jail was that he was going to arrest me every time I come to his town for not having a license.

I could go on with this petition and bore the court telling it something it knows. Instead I petition the court to issue this writ and put a permanent restraining order on all the agents of the corporate city of Grand Saline, Texas from violating my rights and denying due process. Also I petition this court to revoke all licenses of all parties that are a party to this matter and award any other restitution the court deem fair and just

_Ralph-Kenneth : family of Byrom_ Non-resident Seal:

A man not a corporate legal person or capital letter legal fiction.

Mail location: 171 private Road 5710

Hold for Ralph-Kenneth    Grand Saline, Texas (near 75140)

-1

This petition for Writ of Habeas Corpus and Document mark 1, 2, 3, 4, 5, 6, included mailed to **Criminal Appeals Court** 201 E 14th St, Austin, TX 78701 by certified mail with return receipt requested this 4th day of May 2015.

By me,

Mark _____ Seal:
A man not a corporate legal person

Document #1 in support of Writ of Habeas Corpus

In the fraudulent claims # 5949,5960 and 08907 still is pending in Grand Saline Texas Corporation administrative Court without Jurisdiction are trying to extort funds and I believe they now plan to arrest me again because I refused to agree to be the fraudulent legal fictional entity defendant and because I refused to be tried in a court that did not have jurisdiction by a administrative advisory panel. When there were no crimes committed by me. It is evident that there is no such license as a drivers license in **the State of Texas** not to be confused with this state and the posted speed signs posted on the States roads and right a ways only apply to commercial drivers that are hauling passengers and good for hire. Which is not me.

Now I bring for my charges criminal act of treason, rights violation, false arrest, fraudulent Citation which can only be applied by the Policy enforcement officer against officers of Corporations, denial of counter claim, denial of 7th amendment trial and due process  Against the three attorney one on the bench and two in the commercial bar and the arresting officer Burns and all others that are a party to these fraudulent claims.

TREASON

Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. The judge is engaged in acts of treason.  Having taken at least two, if not three, oaths of office to support the Constitution of the United States, and the Constitution of the State of Texas any judge who has acted in violation of the Constitution is engaged in an act or acts of treason If a judge does not fully comply with the Constitution, then his orders are void, In re Sawyer, 124 U.S. 200 (1888), he/she is without jurisdiction, and he/she has engaged in an act or acts of treason.

Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)

The about cases would apply to any officer of the State that took the oath of office.
May __4__, 2015

_Ralph . Kenneth : Family of Word_ non-resident
Seal:
Mail location: 171 private Road 5710
     Hold for Ralph-Kenneth Grand Saline, Texas (near 75140)

Copy to Grand Saline Texas Mayor and City Counsel by private delivery.

# Document in support of Writ Habeas Corpus
# Right to Travel

In order to understand the correct application of the laws/rights in question, we must define the terms used in connection with this point of law. As will be shown, many terms used today do not, in their legal context, mean what we assume they mean, thus resulting in the misapplication of laws/rights in the instant case.

The term "**motor vehicle**" means every description of carriage or other contrivance propelled or drawn by mechanical power and "**used for commercial purposes**" on the highways in the transportation of passengers, passengers and property, or property or cargo.

The term "**used for commercial purposes**" means the carriage of persons or property for any fare, fee, rate, charge or other consideration, or directly or indirectly in connection with any business, or other undertaking intended for profit.

*Unites States Code chapter 18 Section 31*

<http://www.law.cornell.edu/uscode/text/18/31>

**Driver** - One employed in conducting a coach, carriage, wagon, or other vehicle, with horses, mules, or other animals, or a bicycle, tricycle, or motor car, though not a street railroad car.
Davis v. Petrinovich, 112 Ala. 654, 21 South. 344, 36 L. R. A.615; Gen. St. Conn. 1902,

**DRIVER**. One employed in conducting a coach, carriage, wagon, or other vehicle, with horses, mules, or other animals.
    2. Frequent accidents occur in consequence of the neglect or want of skill of drivers of public stage coaches, for which the employers are responsible.
Bouviers law dictionary (1856)

    "**Highway**" includes any state or other public highway, road, street, avenue, alley, driveway, parkway or place, under the control of the state or any political subdivision of the state, dedicated, appropriated or opened to public travel or other use;(40)

"**Driver**" means any person who drives, operates or is in physical control of a commercial motor vehicle, or who is required to hold a commercial driver's license;(25)
chapter 246 section 14-1
    **Sec. 14-12f. Provisions inapplicable to certain vehicles.** The provisions of sections 14-12b, 14-12c, 14-213b and 38a-364 shall not apply to any private passenger motor vehicle registered to the federal government or any state or municipality or any such vehicle bearing dealer, repairer, manufacturer, **transporter**, experimental or junk number plates.

<http://www.cga.ct.gov/2011/pub/chap246.htm#Sec14-1.htm>
CT vehicle code

1

"A **motor vehicle** or automobile for hire is a motor vehicle, other than an automobile stage, used for the transportation of persons for which remuneration is received."

International Motor Transit Co. vs. Seattle, 251 P. 120

---

The term "travel" is a significant term and is defined as:

"The term `travel' and `traveler' are usually construed in their broad and general sense...so as to include all those who rightfully use the highways viatically (when being reimbursed for expenses) and who have occasion to pass over them for the purpose of business, convenience, or pleasure." [emphasis added]
25 Am.Jur. (1st) Highways, Sect.427, p.717.
"**Travel** -- To journey or to pass through or over; as a country district, road, etc. To go from one place to another, whether on foot, or horseback, or in any conveyance as a train, an automobile, carriage, ship, or aircraft; Make a journey."
Century Dictionary, p.2034.
Therefore, the term "travel" or "traveler" refers to one who uses a conveyance to go from one place to another, and included all those who use the highways as a matter of Right. Notice that in all these definitions the phrase "for hire" never occurs. This term "travel" or "traveler" implies, by definition, one who uses the road as a means to move from one place to another.
Therefore, one who uses the road in the ordinary course of life and business for the purpose of travel and transportation is a traveler.

---

Clearly shown, driving and traveling are two different things as well as the difference between a regular vehicle and one noted as a motor vehicle as one involves commercial use for private gain and the other does not. Many users of the public roads use it for their place of private gain. Such fields as taxi drivers, tow truck drivers, and many other transportation services that lawfully must register and insure their motor vehicle as well as obtain a drivers license.

---

"Where a term has two meanings differing in the degree merely, it is to be understood in the larger sense wherever it occurs unless it appears to have been used in the narrower sense, by some form of direct expression, or from the context, the nature of the subject matter, or the res gestae."
*Miller v. Miller* (1867) 33 Cal. 353, 355.

---

"A state cannot impose restrictions on the acceptance of a license that will deprive the licensee of his constitutional rights".
*Ruckenbrod v. Mullins*, 102 Utah 548, 133 P.2d. 325, 144 ALR 839

Since we understand the definitions from above, it is important to get into some cited court cases on traveling and/or other rights:

CONNECTICUT COURT CASE:

The constitutional right to travel from one State to another . . . occupies a position fundamental to the concept of our Federal Union. It is a right that has been firmly established and repeatedly recognized.

. . . [T]he right finds no explicit mention in the Constitution. The reason, it has been suggested, is [p631] that a right so elementary was conceived from the beginning to be a necessary concomitant of the stronger Union the Constitution created. In any event, freedom to travel throughout the United States has long been recognized as a basic right under the Constitution.

Thus, the purpose of deterring the in-migration of indigents cannot serve as justification for the classification created by the one-year waiting period, since that purpose is constitutionally impermissible. If a law has

no other purpose . . . than to chill the assertion of constitutional rights by penalizing those who choose to exercise them, then it [is] patently unconstitutional.

*United States v. Jackson, 390 U.S. 570, 581 (1968).*

(Supreme court case quoted in case)

Shapiro v. Thompson (No. 9) 394 U.S. 618

Argued: May 1, 1968

Decided: April 21, 1969

Other United States Supreme and State Superior Court Cases on the topic:

"The activity **licensed** by state DMVs and in connection with which individuals must submit personal information to the DMV (the **operation of motor vehicles**) is itself

integrally related to **interstate commerce."**

Seth Waxman, Solicitor General

U.S. Department of Justice

BRIEF FOR THE PETITIONERS

Reno v. Condon, No. 98-1464, decided January 12, 2000, United States Supreme Court

---

Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with a sufficient awareness of the relevant circumstances and likely consequences.
***Brady v. United States***, 397 US 742, 90 S.Ct. 1463 (1970)

"The people shall have the right freely to assemble together, to consult for the common good, to instruct their representatives, and to petition the legislature for the redress of grievances"
**Constitution of the State of California, Article 1, Section 10**

---

"The right of the citizen to travel upon the public highways and to transport his property thereon, either by carriage or by automobile, is not a mere privilege which a city may prohibit or permit at will, but a common law right which he has under the right to life, liberty, and the pursuit of happiness."
Thompson v. Smith, 154 SE 579. United States Supreme Court

---

To further reinforce the rights vs. privilege argument, there is also this case which ruled that a "right" cannot be converted to a "privilege":

"No State may convert a Right into a Privilege and require a License of Fee for the exercise of the Right" Murdock v. Pennsylvania, 373 U.S. 262
United States Supreme Court

---

"If a State does erroneously require a License or Fee for exercise of that Right, the Citizen may Ignore the License and or Fee and exercise the Right with Total Impunity. See Schuttlesworth v. Birmingham 373 U.S 262."
*United States Supreme Court*

---

"The use of the highway for the purpose of travel and transportation is not a mere privilege, but a common fundamental right of which the public and individuals cannot rightfully be deprived."
Chicago Motor Coach v. Chicago, 169 NE 221.

---

"The right to travel is a part of the liberty of which the citizen cannot be deprived without due process of law under the Fifth Amendment."

4

Kent v. Dulles, 357 US 116, 125.

"Heretofore the court has held, and we think correctly, that while a Citizen has the Right to travel upon the public highways and to transport his property thereon, that Right does not extend to the use of the highways, either in whole or in part, as a place of business for private gain."

Barney vs. Board of Railroad Commissioners, 17 P.2d 82; Willis vs. Buck, 263 P.1 982.

"The right of the citizen to travel upon the highway and to transport his property thereon, in the ordinary course of life and business, differs radically and obviously from that of one who makes the highway his place of business for private gain in the running of a stagecoach or omnibus."

State vs. City of Spokane, 186 P. 864.

What is this Right of the Citizen which differs so "radically and obviously" from one who uses the highway as a place of business? In State vs. City of Spokane, the Court also noted a very "radical and obvious" difference, but went on to explain just what the difference is:

"The former is the usual and ordinary right of the Citizen, a common right to all, while the latter is special, unusual, and extraordinary."

State vs. City of Spokane, 186 P. 864

"Undoubtedly the right of locomotion, the right to remove from one place to another according to inclination, is an attribute of personal Liberty, and the right, ordinarily, of free transit from or through the territory of any State is a right secured by the 14th Amendment and by other provisions of the Constitution."

Schactman v Dulles, 96 App D.C. 287, 293.

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."
-Miranda v. Arizona, 384 U.S. 436, 491.

"The claim and exercise of a constitutional right cannot be converted into a crime."
-Miller v. U.S., 230 F 2d 486, 489.

"There can be no sanction or penalty imposed upon one because of this exercise of Constitutional rights."

5

- Sherar v. Cullen, 481 F. 945.

There is no question that a citation/ticket issued by a police officer, for no driver's license, no current vehicle registration, no vehicle insurance etc. which carries a fine or jail time, is a penalty or sanction, and is indeed "converting a Right into a crime".

The information above has clearly and adequately explained that personal traveling is a natural right that the DMV or any state/city can not infringe, molest, permit, license, and/or deprive a citizen of. However, if I was traveling commercially, I would need the above mentioned items as I would be "driving" a "motor vehicle." However, in this instance the traveling is not commercial meaning the traveler is neither an "operator" nor "driver" of a "motor vehicle", which is why it not required for the personally traveling citizen.

_Ralph - Kennedy : family of Adams_ Non-resident   Seal:

Mail location: 171 private Road 5710
    Hold for Ralph-Kenneth
        Grand Saline, Texas (near 75140)

6

# 3

In the matter of fraudulent claim numbers 5949 and 5950.

**Notice and warning** this act by the U.S. Congress was enacted in 1934 and signed by the President and is **forever inviolate**

Rules Enabling Act, Ch. 651, Pub.L. 73-415, 48 Stat. 1064, enacted June 19, 1934, 1064

73d CONGEESS.  SESS. II.  CHS. 651, 652.  JUNE 19, 1934.

[CHAPTER 651.]

AN ACT

To give the Supreme Court of the United States authority to make and publish rules in actions at law.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Supreme Court of the United States shall have the power to prescribe, by general rules, for the district courts of the United States and for the courts of the District of Columbia, the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant. They shall take effect six months after their promulgation, and thereafter all laws in conflict therewith shall be of no further force or effect.

SEC. 2. The court may at any time unite the general rules prescribed by it for eases in equity with those in actions at law so as to secure one form of civil action and procedure for both: *Provided, however.* **That in such union of rules the right of trial by jury as at common law and declared by the seventh amendment to the Constitution shall be preserved to the parties inviolate.** Such united rules shall not take effect until they shall have been reported to Congress by the Attorney General at the beginning of a regular session thereof and until after the close of such session.

Approved, June 19, 1034.

This notice by me:

_Ralph  Kenneth; family of Evans_ and not EVANS RALPH

# Texas courts on driver license

Claude D.CAMPBELL, Appellant,
v.
The STATE of Texas, Appellee.

No. 27245.

Court of Criminal Appeals of Texas.

Jan. 12,1985

Defendant was convicted of unlawfully operating a motor vehicle upon a public highway while his operator's license was suspended.The County Court, PanolaCounty, Clifford S. Roe, J., rendered judgment, and an appeal was taken.The Court of Criminal Appeals, Belcher, C., held that proof that defendant had driven an automobile while his driver's license was suspended did not sustain allegations of charge that he had driven while his operator's license was suspended.

Judgment reversed and cause remanded.

1. Automobiles Key 353

Upon a charge of operating- a motor vehicle upon a public highway while operator's license is suspended, the state has burden of showing that defendant had been issued an operator's license to drive a motor vehicle upon a public highway, that such license has been suspended, and that, while such license was suspended, defendant drove a motor vehicle upon a public highway.

2. Automobiles Key 352

Proof that defendant had driven an automobile while his driver's license was suspended did not sustain allegations of charge that he had driven while his operator's license was suspended.

3. Automobiles Key 136

There is in Texas no such license as a "driver's license."

---- ----

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted, in the County Court Panola County, for unlawfully operating- a motor vehicle upon a public highway while his operator's license was suspended, and his punishment was assessed at a fine of $25.

[1]Under such a charge, the state wasunder the burden of showing that there had been issued an operator's license to appellant to drive a motor vehicle upon a public highway;that such license had been suspended;and that,whilesuchlicensewas atsuspended, appellant drove a motor vehicle upon a public highway.

To meet this requirement, the state here relies upon testimony that appellant drove his pick-up truck upon a public highway in Panola County, on the date alleged, and that he drove said motor vehicle while his license was suspended

Page – Tex. 402

[2, 3]"This proof is insufficient to 'sustain the allegations of the offense charged in the information because a driver's license is not an operator's license.We have held that there is no such license as a driver's license known to our law.Hassell v. State, 149 Tex.Cr.R. 333, 194 S.W.2d 400; Holloway v. State, 155 Tex.Cr.R. 484, 237 S.W. 2d 303; and Brooks v. State, Tex.Cr.App., 258 S.W.2d 317.

Proof of the driving of an automobile while the driver's license was suspended does not sustain the allegations of the information.The evidence being insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

Page - 360 Tex.

Frank John CALLAS, Appellant,
v.
STATE of Texas, Appellee.

No. 30094.

Court of Criminal Appeals of Texas.

Jan. 7.1959.

Prosecution for driving motor vehicle on public road after operator's license had been suspended. The County Court at Law, Potter County, Mary Lou Robinson, J., entered judgment of conviction and defendant appealed.The Court of Criminal Appeals, Woodley, J., held that where testimony showed that only two persons were in or around truck at time defendant was apprehended and patrolman

testified that the other person was not the driver of truck, andlargely upon this testimony jury found defendant guilty, and after jury retired police officer filed complaint charging other person with driving motor vehicle with violation of restrictions imposed on his operator's license and such other person was convicted upon his plea of guilty, defendant's motion for new trial setting forth conviction of such other person should have been granted in order that defendant might have the benefit of evidence regarding conviction of other party in another trial.

Reversed and remanded.

Criminal Law Key 938(1)

In prosecution for driving after operator's license had been suspended where testimony showed that there were only two persons including defendant in or around truck at time patrolman reached it and patrolman testified that other person was not driving panel truck, and after jury retired patrolman filed complaint charging other party with driving motor vehicle and he was convicteduponhispleaof guilty,defendant's motion for new trial should have been granted in order that he might, in another trial, have the benefit of evidence regarding conviction of other party.Vernon's Ann.Civ.St. art. 6687b, § 1(n).

---- ----

McCarthy, Rose & Haynes, Amarillo,for appellant.

Lon Moser, County Atty., E. S. Carter, Jr., Asst. County Atty., Amarillo, State's Atty., Austin, for the State.

WOODLEY, Judge.

The complaint and information allege that appellant drove a motor vehicle upon a public road "after the Texas Operator's License of the said Frank John Callas had ***been suspended" and further alleged that appellant had received an extended period, of suspension "of said Texas Operator's License*** "and that said suspension had not expired.

We have searched the record carefully and find no evidence that the license which had been suspended was a Texas Operator's License, as alleged in the information.

If appellant was driving a motor vehicle, it was a panel truck used as a commercial vehicle in appellant's business, the appropriate license for its operation being a Commercial Operator's License, and not an Operator's License.See Art. 6687b. Sec. I (n), Vernon's Ann.Civ.St.

This Court has held that there is no such license known to Texas law as a "driver's license".See Hassell v. State, 149 Tex. Cr.R. 333, 194S.W.2d400; Brooks v. State, 158 Tex.Cr.R. 546, 258 S.W.2d 317.

There were but two persons in or around the panel truck.One was Walter Schaff, who was seated in the driver's seat when the patrolmen reached it.Patrolman Kirkwood testified that Schaff was not

driving the panel truck, and largely upon his testimony the jury found that appellant was the driver.

After the jury retired, Officer Kirkwood filed complaint charging Schaff with driving [Page - Tex 361] a motor vehicle in violation of restrictions imposed in his operator's license. Information was presented by the County Attorney and Schaff was convicted upon his plea of guilty.

Appellant's motion for new trial setting forth the conviction of Schaff after the close of the evidence on appellant's trial should have been granted in order that upon another trial appellant might have the benefit of the evidence regarding the conviction of Schaff.

Appellant's motion for rehearing is granted; our former opinion herein affirming the judgment is withdrawn, and the judgment is now reversed and the cause remanded

Page - Tex. 317

BROOKS v. STATE.

No. 26458.

Court of Criminal Appeals of Texas.

May 27, 1953

From a judgment rendered by the County Court, Culberson County, defendant appealed. The Court of Criminal Appeals, Belcher, C. held that information, charging defendant with driving a motor vehicle upon a public highway while his "driver's license" was suspended, charged no offense.

Reversed with directions.

Automobiles Key 351

Information, charging defendant with driving a motor vehicle upon a public highway while his "driver's license" was suspended, charged no offense. Vernon's Ann. Civ. St. art. 6687b, § 27.

---- ----

George W. Walker, Van Horn, for appellant.

Wesley Dice, State's Atty., of Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the violation of Art. 6687b, § 27, V.A.R.C.S.; and his punishment was assessed at a fine of $50.

The information upon which this conviction was predicated alleged that appellant "did then and there

unlawfully drive and operate a motor vehicle upon a public [Page - Tex. 318] highway, to-wit: U. S. Highway Number 80, situated within said county and state, while his, the said Keith Brook's, drivers license was suspended."

In Hassell v. State, 149 Tex.Cr.R. 333, 194 S.W.2d 400, 401, we said:

"There being no such license as a 'driver's' license known to the law, it follows that the information, in charging the driving of a motor vehicle upon a public highway without such a license, charges no offense." See also Holloway v. State, Tex.Cr.App., 237 S.W.2d 303.

Because the information fails to charge an offense, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.

Page Tex. 400

# HASSELL v. STATE.

No. 23353.

Court of Criminal Appeals of Texas.

May 15,

1. Automobiles Key l37

Under Drivers' License Act it is unlawful for any person to drive or operate a motor vehicle over a highway of Texas without having a license, either as an operator, a commercial operator or a chauffeur, but one holding a license as a commercial operator or chauffeur is not required to have an operator's license.Vernon's Ann.Civ. St. art. 6687b, §§2,3,44.

2. Automobiles Key 351

Information alleging that defendant operated a motor vehicle upon public highway without a "driver's license" charged no offense under Drivers' License Act, since a driver's license is not known to the law because the act only authorizes issuance of operators' commercial operators' and chauffeurs' license and use of term "driver" interchangeably with term "operator" would not be authorized in view of definition in the act of term driver as meaning every person who drives or is in actual physical possession of a vehicle. Vernon's Ann.Civ. St. art. 6687b, §§ 2, 3, 44.

---- ----

Commissioners' Decision.

Appeal from Hunt County Court; Wm. C. Parker, Judge.

W. Lee Hassell was convicted of operating a motor vehicle upon a highway without a license, and he appeals.

Reversed and prosecution ordered dismissed.

G. C. Harris, of Greenville, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The conviction is for operating a motor vehicle upon a highway without a license; thepunishment, a fine of $50.

By what is commonly referred to as the Drivers' License Act, and appearing as Art. 6687b of Vernon's Annotated Civil Statutes, the Legislature of this State provided for the licensing of operators of motor vehicles over the public highways of this State. Sec. 2 of Article II of the Act reads as follows:

"Drivers must have license.

"(a) No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this State unless such person has a valid license as an operator, a commercial operator, or a chauffeur under the provisions of this Act.

"(b) Any person holding a valid chauffeur's or commercial operator's license hereunder need not procure an operator's license.

"(c) No person holding an operator's, commercial operator's, or chauffeur's license duly issued under the provisions of this Act shall be required to obtain any license for the operation of a motor vehicle from any other State authority or department.Subsection (c) of Section 4 of Article 911A and Subsection (b) of Section 4 of Article 911B, Revised Civil Statutes, is hereby repealed."

Sec. 44 of Art. VI of the Act provides the penalty .for the violation.

Page Tex. 401

[1]It is by these statutes made unlawful for any person to drive or operate a motor vehicle over a highway of this State withouthaving a license, either asan "operator," a "commercial operator," or a "chauffeur."One holding a license as a "commercial operator" or "chauffeur" is not required to have an "operator's" license.

Certain exemptions and exceptions from the operation of the Act are provided in Sec. 3 of Art. II thereof.

The information upon which this conviction was predicated alleged that appellant "did then and there unlawfully operate a motor vehicle upon a public highway, to wit. State Highway No. 24, without a Driver's License."

It is insisted that the information charges no offense, because a "driver's license" is neither recognized nor authorized to be issued under the Act and, by reason thereof, it constitutes no offense to drive a motor vehicle without such a license.

[2]Only three types of licenses are authorizedorrequiredundertheAct. These are "operators," "commercial operators," and "chauffeurs," and they are specially defined in the Act.The term "driver"—-as used in the Act—is defined to be: "Every person who drives or is in actual physical control of a vehicle."In view of this particular definition of the term "driver," it cannot be said that such term may be used interchangeably with or given the same meaning as the term "operator."

There being no such license as a "driver's" license known to the law, it follows that the information, in charging the driving of a motor vehicle upon a public highway without such a license, charges no offense.

Because of the defect in the information, the judgment is reversed and prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

---

MORE:

City of Poway v. City of San Diego (1991) 229 Cal.App.3d 847, 280 Cal.Rptr. 368

Hiibel v. Sixth Judicial District Court of Nevada 542 U.S. 177, (2004)

Brown v. Texas EXCERPT

UNITED STATES v SALINAS 940 F.2d 392

# Texas Transportation Code - Section 201.904. Speed Signs

§ 201.904. SPEED SIGNS. The department shall erect and

maintain on the highways and roads of this state appropriate signs

that show the **maximum lawful speed for commercial motor vehicles,**

**truck tractors, truck trailers, truck semitrailers, and motor**

**vehicles engaged in the business of transporting passengers for**

**compensation or hire (buses).**

Acts 1995, 74th Leg., ch. 165, § 1, eff. Sept. 1, 1995.

To: Dan Flynn Texas House member

When can I expect the common law court to be open again that was closed by Bar Card attorneys since you have sworn an oath to uphold law it is the duty of the Texas legislature to make sure all courts are open See Texas "bill of Rights" Art 1 Sec 13 and 15 Texas Constitution. I have a right to be tried by common law in a common law court.. See attached 1934 act of the federal congress. Proof that I have the right to be tried in common law. To deny me that Right has denied me remedy and justice and allows the fraud artist attorneys to continue with their extortion using fraudulent commercial document and fraudulent commercial process without venue or jurisdiction Closing the common-law court is an unlawful act no court in Texas has jurisdiction to do so. When a judge or court moves without jurisdiction it is an act of treason. The state agents criminally convert my name to a all capital letter corporate fictional name fraudulently and is not harmless error. Then they use capital letter corporate fictional fraudulent name to service the crime victim.

November 8, 2014 the Grand Saline a for profit Corporation sent out their revenue agents (Police) to arrest me and issue a unlawful tax citation by criminally converting my name to a corporate fiction. Then on November 13, 2014 sent me a notice of a pre-trial hearing set for hearing for a difference fraudulent fictional corporate person then was on the fraudulent tax collector (Police policy enforcement officer's) tax citation and affidavit. At the hearing there was no one present except a woman with a side arm and a Commercial agent attorney claim to be the prosecutor no judge no plaintiff no grand jury indictment no contract and no damage party. It was evident he was acting as judge plaintiff grand jury without any type of contract or damage party. I attempted to talk to him that no law had been violated by me. He did not want to listen. He said he was going to give me a trial and I ask him what would happen if I didn't show for the fictional actor. He said he would issue a warrant for my arrest. It further evident he is using because I said so law which is criminal abuse, oppression and rights violation.

The courts have ruled many time "There is in Texas no such license as driver's License" Art 6687b sec 3(c) is evidence that the courts have correctly ruled.

Texas Transportation code Section 201.904 define whom the speed sign on the highways and roads and it is commercial vehicles.

Therefore since the 7th amendment Court has been unlawfully close by agents of the commercial bar assoc. this House and Senate must move to reopen the Art 5 sec 15 Court mandated by the Texas Constitution and the 7th amendment court mandated by the federal constitution as mandated by Art 1 Sec 13 and 15 of the Texas constitution which each of you took an oath hold. 14th day of November 2014

_Ralph Kenneth; Carruff of Emms_ _____ Non-resident    Seal:

Mail location: 171 private Road 5710

      Hold for Ralph-Kenneth

          Grand Saline, Texas (near 75140)

Private delivery this 14th day of November 2014 to Dan Flynn office Canton Texas.



**Sec. 14. JUROR QUALIFICATIONS.** (a) The legislature shall prescribe by law the qualifications of grand jurors and petit jurors.

(b) The legislature shall enact laws to exclude from serving on juries persons who have been convicted of bribery, perjury, forgery, or other high crimes. (Added Nov. 6, 2001.)

TEMPORARY TRANSITION PROVISION.[4]

**Sec. 15. COUNTY COURT; COUNTY JUDGE.** There shall be established in each county in this State a County Court, which shall be a court of record; and there shall be elected in each county, by the qualified voters, a County Judge, who shall be well informed in the law of the State; shall be a conservator of the peace, and shall hold his office for four years, and until his successor shall be elected and qualified. He shall receive as compensation for his services such fees and perquisites as may be prescribed by law. (Amended Nov. 2, 1954.)

**Sec. 16. COUNTY COURTS; JURISDICTION; DISQUALIFICATION OF JUDGE.** The County Court has jurisdiction as provided by law. The County Judge is the presiding officer of the County Court and has judicial functions as provided by law. County court judges shall have the power to issue writs necessary to enforce their jurisdiction.

County Courts in existence on the effective date of this amendment are continued unless otherwise provided by law.

When the judge of the County Court is disqualified in any case pending in the County Court the parties interested may, by consent, appoint a proper person to try said case, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law. (Amended Aug. 11, 1891, Nov. 7, 1978, Nov. 4, 1980, and Nov. 5, 1985.)

**Sec. 16a.** (Repealed Nov. 5, 1985.)

**Sec. 17. TERMS OF COUNTY COURT; PROSECUTIONS; JURIES.** The County Court shall hold terms as provided by law. Prosecutions may be commenced in said court by information filed by the county attorney, or by affidavit, as may be provided by law. Grand juries empaneled in the District Courts shall inquire into misdemeanors, and all indictments therefor returned into the District Courts shall forthwith be certified to the County Courts or other inferior courts, having jurisdiction to try them for trial; and if such indictment be quashed in the County, or other inferior court, the person charged, shall not be discharged if there is probable cause of guilt, but may be held by such court or magistrate to answer an information or affidavit. A jury in the County Court shall consist of six persons; but no jury shall be empaneled to try a civil case unless demanded by one of the parties, who shall pay



any of those courts shall be thus disqualified to hear and determine any case or cases in said court, the same shall be certified to the Governor of the State, who shall immediately commission the requisite number of persons learned in the law for the trial and determination of such cause or causes. When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law.

And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law. This disqualification of judges of inferior tribunals shall be remedied and vacancies in their offices filled as may be prescribed by law. (Amended Aug. 11, 1891, and Nov. 6, 2001.)

TEMPORARY TRANSITION PROVISION.[4]

**Sec. 12. JUDGES TO BE CONSERVATORS OF THE PEACE; INDICTMENTS AND INFORMATION.** (a) All judges of courts of this State, by virtue of their office, are conservators of the peace throughout the State.

(b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause. (Amended Aug. 11, 1891, and Nov. 5, 1985.)

**Sec. 13. NUMBER OF GRAND AND PETIT JURORS; NUMBER CONCURRING.** Grand and petit juries in the District Courts shall be composed of twelve persons; but nine members of a grand jury shall be a quorum to transact business and present bills. In trials of civil cases, and in trials of criminal cases below the grade of felony in the District Courts, nine members of the jury, concurring, may render a verdict, but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict. (Amended Nov. 6, 2001.)

TEMPORARY TRANSITION PROVISION.[4]

D. RODNEY GIBSON
JUDGE OF THE PROBATE COURT
PICKENS COUNTY COURTHOUSE
50 NORTH MAIN STREET, SUITE 203
JASPER, GEORGIA 30143
706-253-8757

# CERTIFICATE OF BIRTH
## GEORGIA DEPARTMENT OF PUBLIC HEALTH
### BUREAU OF VITAL STATISTICS

*1500* *2619*

Registered No. ____

1. PLACE OF BIRTH

County *Pickens*  Militia District (Number and Name) *1101 Jerusallen*  State of Georgia

City or Town *Jasper Ga.*  Ward ____  NON-RESIDENT (Yes or No) *Yes*

Street and Number (No.) ____ (Street) ____  (If birth occurred in hospital or institution, give its name instead of street and number)

2. FULL NAME OF CHILD *Ralph Kenneth Evans*
(If not yet named, leave space blank)

3. SEX *Male*   6. LEGITIMATE? (Are parents married?) *Yes*   7. BORN *alive* on *Aug 13* 19*38* at *11:00* P M
(Alive or Dead)  (Month, Day, Year)  (Hour)

4 and 5. If plural birth indicate, with check (V) whether twin, triplet or quadruplet, also give order of birth. TWIN No. (1 or 2) ____ TRIPLET No. (1, 2 or 3) ____ QUADRUPLET No. (1, 2, 3, or 4) ____

8. FULL NAME FATHER *Howard Evans*

14. FULL MAIDEN NAME MOTHER *Ruby Esterline Medlin*

9. RESIDENCE (P.O. Address) *Jasper Ga*

15. RESIDENCE (P.O. Address) *Jasper Ga. Rt 2*

10. COLOR or RACE *White*   11. AGE at last birthday *35* (years)

16. COLOR or RACE *White*   17. AGE at last birthday *25* (years)

12. BIRTHPLACE (P.O. Address) *Fairmount Ga*

18. BIRTHPLACE (P.O. Address) *Jasper Ga Rt 2*

13a. Trade, profession or particular kind of work done, as spinner, sawyer, bookkeeper, etc. *Farming*

19a. Trade, profession or particular kind of work done, as housekeeper, typist, nurse, clerk, etc. *Housekeeper*

13b. Industry or business in which work is done, as cotton mill, sawmill, bank, etc. ____

19b. Industry or business in which work is done, as own home, lawyer's office, cotton mill, etc. ____

20. Number of children born alive to this mother, not counting this birth *2*   21. Number of children of this mother living, not counting this birth *1*   21a. Number of stillbirths of this mother, not counting this birth ____

(b) Was a one per cent solution of silver nitrate used in this baby's eyes as provided by law? (Yes or No) ____

22. CERTIFICATE OF ATTENDING PHYSICIAN OR MIDWIFE

I HEREBY CERTIFY, That I attended the birth of the above mentioned child who was born as stated in item (7).

MIDWIFE

(Signed) *Mrs. S J Cox*  Midwife
(Address) *Jasper Ga*
(Date) *Aug 13* 19*38*

PHYSICIAN

(Signed) ____ M.D.
(Address) ____
(Date) ____ 19____

(Given name of child added from a supplemental report)

(Date) ____ 19____
(Signed) ____ (Registrar)

FILED, Date *Aug 30* 19*38*
(Signed) *J J Medlin* (Local Registrar)

THIS IS TO CERTIFY THAT THIS IS A TRUE REPRODUCTION OF THE ORIGINAL RECORD ON FILE WITH THE STATE OFFICE OF VITAL RECORDS, GEORGIA DEPARTMENT OF HUMAN RESOURCES. THIS CERTIFIED COPY IS ISSUED UNDER THE AUTHORITY OF CHAPTER 31-10, CODE OF GEORGIA, AND 290-1-3 DHR RULES AND REGULATIONS.

County Custodian *D. Rodney Gibson*
Issued by ____
Date Issued *Jan 5, 2009*

STATE REGISTRAR AND CUSTODIAN
GEORGIA STATE OFFICE OF VITAL RECORDS

Any reproduction of this document is prohibited by statute. Do not accept unless embossed with a raised seal.

VOID IF ALTERED OR COPIED