RECEIVED IN
The Court of Appeals
Sixth District

MAY 1 8 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

MAY 1 8 2015

Texarkana, Texas
Debra K. Autrey, Clerk

06-15-00080-CR

In The

Court of Appeals

## Sixth Appellate District of Texas at Texarkana

### Cause Numbers: 06-14-00139, 06-1400140, 06-14-00141, 06-14-00142

| | | |
|---|---|---|
| donny-joe curry, usufructuary, | } | A Maritime Admiralty Claim for recoupment caused by |
| Relator, | } | injuries carried out by HUNT COUNTY municipal |
| and | } | public officers and employees under color of law, |
| the DONNY JOE CURRY459295640, | } | in the nature of a Petition for a Writ of Mandamus |
| Third Party Plaintiffs | } | upon named Respondents *in re* original cause numbers |
| v. | } | CR1301508, CR1301625, CR1301627 and CR1301628 |
| JOHN HORN, HUNT COUNTY, | } | at the HUNT COUNTY COURTS AT LAW 1 and 2 |
| JOEL LITTLEFIELD, ANDREW BENCH, | } | **This is a Court of Record** |
| RANDY MEEKS, F. DUNCAN THOMAS, | } | **RELATOR PETITIONS ALL RECORDS HELD BY** |
| JENNIFER LINDENZWEIG, DEMETRA | } | **HUNT COUNTY CLERK BE SECURED BY SUBPOENA** |
| ROBINSON, KERRY CREWS, CITY | } | An appeal for relief from fraudulent prosecution and request for |
| OF COMMERCE, | } | a Writ of Mandamus upon ANDREW BENCH and officers and |
| | } | employees of HUNT COUNTY COURTS AT LAW 1 AND 2 |
| | } | |
| Respondents/Third Party Defendants | } | |

Relator herein is donny-joe of the Family Curry, one of the People, the only real party in interest under injury in said causes of action, grantor, beneficiary and usufructuary of the Donny Joe Curry decedent estate, Grantor of the res and corpus of the DONNY JOE CURRY trust; donny-joe Curry is also beneficiary and usufructuary of the trust as Heir to the Grantor estate.

Petition For a Writ of Mandamus

Comes now donny-joe of the family of Curry seeking an emergency issue of a writ of Mandamus upon andrew

1.

bench, and other named respondents, compelling said public officers and employees to fulfill their ministerial duties of adjusting the records in the referenced original causes of action, nunc pro tunc 26 August of 2013. ANDREW BENCH and numerous other UNITED STATES citizens in employ of the City of Commerce and Hunt county, Texas municipal corporations, are in receipt of over 250,000.00 United States Dollars in privately issued securities, with ORDER from the issuer/grantor to pay all original charges from said instruments and discharge ad close the cases. Relator petitions this Court of Law to secure and review the entire HUNT files demonstrating Relator's will.

This Relator had stated upon the first "voluntary" proceeding in re citations that he was appearing "by special visitation" before f. duncan Thomas on the 25th day of November of 2013, re-iterating the record established in the COMMERCE MUNICIPAL COURT as early as 13 November 2013; see "Compulsory Counterclaim", attchd. F. duncan thomas stated " no, you aren't". I stated "yes, i am". F. duncan thomas refused to hear this Respondents ORDER and Relator "Objected". The jason duff, dba JASON DUFF appeal attorner, chosen and appointed by ANDREW raised absolutely none of this Relator's objections, both as to factual questions nor to questions of law. Relator has signed unambiguously for the Defendant Trust DONNY JOE CURRY, and in no other style but unambiguously for the DONY JOE CURRY as styled in the STATE of TX informations.

Tender of Currency For Discharge and Bonding Purposes

Upon the 4th Day of October Respondent issued and deposited into the Treasury of the United States/Puerto Rico a

bond in the penal sum of 350,000,000.00 United States Dollars for set-off and closure/discharge of all said public charges and any arising or issuing therefrom. In trial attorneys for the STATE did not argue against said instrument, with the exception of ANDREW BENCH; andrew bench was practicing champerty and mainte – nance, legislating from the bench. All said actions are treason and sedition to the Relator, and the actions initiating all said causes were carried out by government employees in violation of treaties to which they are bound and upon the Constitutions each has vowed on oath to defend, as well as violations of the Lieber Code which forbids the theft of private property and military force against peaceful inhabitants of Texas. See Certificate of Service enclosed with Bond front and reverse, and 2013 1040V copies.

2.

On or about the 27th of September of 2013, Respondent issued a Registered, Bonded Note in the amount of 250,000.00 to DEMETRA ROBINSON in the COMMERCE TX MUNICIPAL COURT, with explicit written order to discharge all charges against the instrument. See Certificate of Service, with Note number RA64 375 556 US, enclosed. As evidenced by this being before the Honorable court, both ANDREW BENCH and DEMETRA ROBINSON are in breach of trust and breach of fiduciary duties, as ministers of The People.

## Tender of Payment.

(1) **Any** party making full tender of payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs, and attorney's fees.
(2) The holder's refusal of such tender wholly discharges any party who has a right of recourse against the party making tender.
(3) Where the maker or acceptor of an instrument payable otherwise than on demand is able and ready to pay at every place of payment specified in the instrument when it is due is equivalent to tender.

## Operation of Law.

"Operation of law means the practical effect of what the law is intended to be on the subject".
American Bitumuls & Asphalt Co. v. U.S., Cust.Ct. 146 F.Supp. 703, 713, 714.

"In its usual signification, "operation of law" is generally applicable to matters involving title and refers to situations in which rights, and sometimes liabilities, are created without actions by the parties; it is said also to mean the obligation of law; or its practical working and effect".
American Bitumuls & Asphalt Co. v. U.S., Cust.Ct. 146 F.Supp. 703, 713, 714.

## Default.

"Default. By its derivation, a failure. An omission of that which ought

to be done. Town of Milton v. Bruso, 111, Vt. 82, 10 A.2d 203, 205. Specifically, the omission or failure to perform a legal or contractual duty, Easterwood v. Willingham, Tex.Civ.App., 47S.W2d. 393, 395; to observe a promise or discharge an obligation (e.g. to pay interest or principal on a debt when due), Bradbury v. Thomas, 135 Cal.App. 435, 27 P.2d 402; or to perform an agreement, Eastman v. Morgan, D.C.N.Y., 43 F.Supp. 637, 641. The term also embraces the idea of dishonest, and of wrongful act, Greco v. S.S. Kresge Co., 277 N.Y. 26, 12 N.E.2d 557, 52; or an act of omission discreditable to one's profession, Hilkert v. Canning, 58 Ariz. 290, 119 P.2d 233, 236."
Black's Law Dictionary, Sixth Edition, page 417.

## Discharge.

"As applied to demands, claims, rights of action, incumbrances, etc., to discharge the debt or claim is to extinguish it, to annul its obligatory force, to satisfy it..."
Black't Law Dictionary, Fourth Edition, page 549.

## Tender.

Black's Law Dictionary, 4th Edition, page 1637, "TENDER"
"The offer of performance, not performance itself, and when unjustifiably refused, places other party in default and permits party making tender to exercise remedies for breach of contract". (Walker v. Houston, 215 Cal. 742, 12 P.2d 952, 953, 87 A.L.R. 937.) (Emphasis added)

3.

General Laws vs Special Laws of Texas

This Relator had entered into the Court's record two general Laws of the State of Texas, both of which estop all employees of City of Commerce and Hunt county from trying to enforce a free unencumbered soul into any contract concerning commercial registration. See attached Compulsory Counterclaim referencing Tex. Trans. Code sections 521.001(a)(6)(B) and (C), and 502.003, but please take judicial and actual notice to all referenced evidence entered into the Court's record therein, as Relator invokes all records entered therein as his remedy.

Relator informed the Court orally and in writing that Texas Transportation Code prevented public workers of a municipal corporation, a political sub-division of "this state", to charge anyone for failure to register an automobile not used in commerce "in this state", referencing section 502.003. On this issue, standby "counsel" tried to deceive Relator stating " Hunt County isn't a political subdivision of Texas", and andrew bench refused to take judicial notice of the general law distinguishing between commercial and private properties. Further, bench refused to require respondent's counsel on that issue to prove the automobile in question was commercially active, but committed barratry in over-ruling this Respondent's objections. Not raised by BENCH's appointed cronie DUFF on appeal.

As to a charge of "driving without a license", it is a baseless, vexatious charge: the Legislature of Texas contemplated and respected the Constitutions in their writing of the laws of Texas. There are three licenses, or "authorizations" in Texas Transportation Code section 521. Sub-sections (6)(B)( and (C) allow for a common law right to travel, as a Constitutionally protected in-a-lien-able Right, and is a general law binding on policy officers.

Sub-section (6)(A) however is a "special law of Texas" passed in the authority of civil law so as to regulate commerce, a power necessary to reserve to government and wholly compatible with the Constitutions. Such commerce initially begins by the purchase of a "commercially" available sub-section (6)(A) from the TEXAS DEPARTMENT OF PUBLIC SAFETY. Respondent's argument herein was and is," where is the contract that obligated Respondent to purchase a commercial license"? "Where is the law that obligates the Respondent to contract with a mindless entity that Respondent detests, personally?" "Where is the law that states Respondent, upon

4.

finding fraud, deception, perfidy and coercion visited upon him, may NOT rescind his endorsement upon a prior unconscionable contract?" Relator recalls to the Honorable court DEFENDANT's evidence of rescission of signature/contract, entered as part of DEFENDANT's evidence in HUNT COUNTY. Attached herewith is a copy of the STATE OF TEXAS D.P.S. form DIC-74 served upon the Chief Counsel for STATE OF TX, DEPARTMENT OF PUBLIC SAFETY, phil atkins, on October 10, 2012 by fax (512-424-5716).

In Barber v. State, 149 Tex. Crim. 18, 191 S.W.2d 879, a complaint charging the operation of an automobile & failure to display operator's license, on demand of a peace officer, was held insufficient to charge offense in the absence of an allegation that accused was on the date of the alleged offense, a licensee.

This Relator further reminds this Court, as he stated orally at HUNT COUNTY COURTS AT LAW 1 and 2 that the Appellate Courts have already settled this issue, that Respondent was not subject to any registration or license.

"The court has held that there is no such license known to Texas Law as a "driver's license."
Frank John Callas v. State, 167 Tex. Crim. 375; 320 S.W. 2D 360.

Hassell v. State, 149 Tex. Crim. 333, 194 S.W. 2d 400.

The very claim of public servant trustees that they may enforce, militarily, unfunded mandates in violation of such clear written law is nothing less than legalized extortion, rights violation under color of law, in reckless disregard of not only Texas Law as established by Legislative act, but in violation of very many Title 18 criminal statutes against Rights, piracy and racketeering.

## Jurisdiction

Lastly, this Honorable Court has jurisdiction over this Petition as a court of appeals may acquire jurisdiction over issues wherein public officials have failed in their ministerial duties, said jurisdiction being conferred by the Texas Constitution, the Texas Supreme Court and statute. The Courts have held further that appellate courts have Jurisdiction in clear cases of abuse of discretion.

Relator states herein and does believe that DEMETRA ROBINSON, JOEL D. LITTLEFIELD, on the court's record as fiduciaries and substitute sureties, along with BENCH, also on record with the Internal Revenue Service as fiduciary trustees, clearly went beyond discretion in avoiding their fiduciary ministerial duties, but most troubling here, showing clear disdain and lack of respect for the written statutes they swore on Solemn Oath to defend and

5

uphold, including some first degree felony statutes, specifically of penal code chapter 32 sections 23(e)(7)and 33(e)(7), said counterfeiting of the DONNY JOE CURRY occurring *ab initio* upon any court papers filed by ROBINSON and LITTLEFIELD, with all courts officers of HUNT COUNTY, then COLLIN COUNTY, entering into said conspiracy to deny rights.

### Prayer

Wherefore Respondent does petition this Honorable Court to take actual and judicial notice of the evidence enclosed herewith, including four form 56 Fiduciary Appointments of ANDREW BENCH, four page notary records of tender of bond which RANDY MEEKS dishonored, four page notary records of tender of bond which DEMETRA ROBINSON dishonored, CLAIM/NOTICE OF LIEN of twenty pages and to issue a Writ of Mandamus upon ANDREW BENCH and DEMETRA ROBINSON Ordering that ANDREW BENCH and DEMETRA ROBINSON are to unseal the Financial Instruments and use the proceeds of the instruments to discharge all outstanding liabilities against the Defendant , order all current sureties released from liability, order that CITY OF COMMERCE  pay all storage fees for the unlawful seized and impounded Buick LeSabre, which is Relator's private, personal, non-commercial consumer product as is defined in ANDREW BENCH's TEXAS BUSINESS AND COMMERCE CODE, chapter 9, revised, and return said automotive carriage to Relator.

Lastly, Respondent prays this Honorable Court appoint a Master in Chancery, in accord with Texas Law, to assist in the settlement of Relator's counterclaims and in establishing an estate for the Relator, beneficiary and cestui que trust, or trustor, of the first party defendant DONNY JOE CURRY, and ORDER any other relief to which the third party plaintiffs should be afforded by law*, and to which Relator is entitled, including PUBLIC  investigations and prosecution of all public employees accused in Relator's counterclaims should a Master in Chancery be denied Relator, a non-combative American national Citizen on the soil, protected by the Constitutions of the Republics, by the Leiber Code and Law of Nations. It is respectfully requested this 6th Day of May of 2015.

* includes statutory damages to the trust

donny-joe, Family of Curry, Relator *not assumpsit* for:        DONNY JOE CURRY459295640, 3rd Party Plaintiff

sui juris, compos mentos and in propia persona,        6.        c/o: U.S. Postmaster 75402, Trustee in Texas

*Oral hearing requested*

NON-ASSUMPSIT

[903-253-1812]

fdt 2255 hare lane. attn..: beneficiary

Hunt, Texas  DMM 122 ZIP EXEMPT

7.

*oral hearing requested*